## DIFFENDERFER ET AL. *v.* CENTRAL BAPTIST CHURCH OF MIAMI, FLORIDA, INC., ET AL.

No. 70–47. Argued December 6, 1971—Decided January 10, 1972

*Leo Pfeffer* argued the cause for appellant Diffenderfer. With him on the brief were *Richard Yale Feder, Irma Robbins Feder,* and *Melvin L. Wulf.* *Howard J. Hollander* argued the cause and filed a brief for appellant Paul.

*Charles M. Whelan* argued the cause for appellee Central Baptist Church of Miami. With him on the brief were *Herbert S. Sawyer, Karl B. Block, Jr.,* and *William R. Consedine.*

*Franklin C. Salisbury* and *Noel H. Thompson* filed a brief for Protestants and Other Americans United for Separation of Church and State as *amicus curiae* urging reversal. *Robert L. Shevin,* Attorney General of Florida, *pro se,* filed a memorandum.

PER CURIAM.

This is an action for a declaratory judgment that Florida Stat. § 192.06 (4) (1967) violates the First Amendment to the Constitution of the United States

insofar as it authorizes a tax exemption for church property used, *inter alia,* as a commercial parking lot, and for an injunction requiring appropriate state and local officials to assess and collect taxes against such property. It is brought by citizens and taxpayers of Dade County, Florida, where the property in question is located. The crux of their complaint is that state aid in the form of a tax exemption for church property used primarily for commercial purposes amounts not only to an establishment of the one religion aided, but also to an inhibition on the free exercise of other religions. A three-judge District Court, convened pursuant to 28 U. S. C. §§ 2281, 2284, upheld the validity of the statute as applied to the property involved herein, 316 F. Supp. 1116 (1970), and plaintiffs appealed to this Court. 28 U. S. C. § 1253. We noted probable jurisdiction on March 1, 1971. 401 U. S. 934.

The Central Baptist Church of Miami, Florida, Inc., is the owner of nearly a full square block of land in downtown Miami which is occupied by church buildings and an offstreet parking lot. The parking facilities are utilized by numerous persons pursuing a variety of church activities. These facilities are also used as a commercial parking lot every day except Sunday. At the time this suit was instituted and decided in the District Court, Fla. Stat. § 192.06 (4) provided for exemption from taxation of:

> "All houses of public worship and lots on which they are situated, and all pews or steps and furniture therein, every parsonage and all burying grounds not owned or held by individuals or corporations for speculative purposes, tombs and right of burial . . . ."

Prior to the decision of the District Court, the Florida Supreme Court had held, in a case involving the same property as is involved here, that church parking lots

retain their full tax exemption under state law even though they may be used for commercial as well as church purposes. *Central Baptist Church* v. *Dade County,* 216 So. 2d 4 (1968). This led to the constitutional challenge in the District Court.

At its 1971 Regular Session, the Florida Legislature repealed § 196.191 (the 1969 successor to § 192.06) and enacted new legislation, approved June 15, 1971, effective December 31, 1971, which provides, in relevant part, that church property is exempt from taxation only if the property is used predominantly for religious purposes and only "to the extent of the ratio that such predominant use bears to the non-exempt use." Fla. Stat. § 196.192 (2).

We must review the judgment of the District Court in light of Florida law as it now stands, not as it stood when the judgment below was entered. *Hall* v. *Beals,* 396 U. S. 45, 48 (1969); *United States* v. *Alabama,* 362 U. S. 602, 604 (1960); cf. *Thorpe* v. *Housing Authority,* 393 U. S. 268, 281–282 (1969); *Hines* v. *Davidowitz,* 312 U. S. 52, 60 (1941). It is clear that the church parking lot that was the subject of the taxpayers' complaint is no longer fully exempt from taxation. If, in fact, it can be demonstrated that the lot is predominantly used for nonreligious purposes, it will receive no exemption whatever. "The case has therefore lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law." *Hall* v. *Beals, supra,* at 48.

This is not a case that is "capable of repetition, yet evading review," *Southern Pacific Terminal Co.* v. *ICC,* 219 U. S. 498, 515 (1911), nor is it the kind of case that may produce irreparable injury if not decided immediately, see, *e. g., Moore* v. *Ogilvie,* 394 U. S. 814 (1969); *Gray* v. *Sanders,* 372 U. S. 368 (1963). The only relief sought in the complaint was a declaratory judgment that

the now repealed Fla. Stat. § 192.06 (4) is unconstitutional as applied to a church parking lot used for commercial purposes and an injunction against its application to said lot. This relief is, of course, inappropriate now that the statute has been repealed.

Because it is possible that appellants may wish to amend their complaint so as to demonstrate that the repealed statute retains some continuing force or to attack the newly enacted legislation, rather than remanding the case to the District Court for dismissal as is our usual practice when a case has become moot pending a decision by this Court, *United States* v. *Munsingwear, Inc.*, 340 U. S. 36, 39, and n. 2 (1950), we vacate the judgment of the District Court and remand the case to the District Court with leave to the appellants to amend their pleadings. *Bryan* v. *Austin*, 354 U. S. 933 (1957).

Judgment will be entered accordingly.

MR. JUSTICE POWELL and MR. JUSTICE REHNQUIST took no part in the consideration or decision of this case.

MR. JUSTICE DOUGLAS, dissenting.

The extent to which a State may constitutionally authorize a tax exemption for church-owned property used primarily for commercial purposes is a question of substantial national importance, and is squarely presented by appellants' challenge to Fla. Stat. § 192.06 (4) in this case. The Court says, however, that the controversy over the exemption awarded appellee church is moot, appellants having asked only for declaratory relief as to the unconstitutionality of § 192.06 (4), which section was replaced by new legislation, effective December 31, 1971, that substantially narrowed the authorized exemption. Fla. Stat. § 196.192.

I am not as eager as is the Court to hold moot a case on appeal which is justiciable in every respect save for an

intervening change in the underlying law. It does not necessarily follow that there is no longer a live controversy between these parties, even if we assume, *arguendo,* that the new statute satisfies all of appellants' constitutional objections to the old one. Here, appellants argue that should their appeal prevail, the church will be liable for three years' back property taxes, pursuant to Fla. Stat. § 193.23, now § 193.092.[1] If this is so, the controversy would appear vital despite the repeal of § 192.06 (4). Cf. *Powell* v. *McCormack,* 395 U. S. 486; *Bond* v. *Floyd,* 385 U. S. 116. See also Note, 83 Harv. L. Rev. 1672 (1970).

Appellees contest this interpretation of state tax law, arguing from state court decisions that state or local taxing authorities would be estopped from asserting appellee church's liability for back taxes.[2] Neither side, however, can point to a definitive interpretation of the precise point of state law at issue.

In my view, this situation lends itself to the Florida procedures by which this Court and other federal appellate courts may certify unresolved questions of Florida

---

[1] Fla. Stat. § 193.092 reads, in pertinent part:

"(1) When it shall appear that an ad valorem tax might have been lawfully assessed or collected upon any property in the state, but that such tax was not lawfully assessed or levied, and has not been collected for any year within a period of three years next preceding the year in which it is ascertained that such tax has not been assessed, or levied, or collected, then the officers authorized shall make the assessment of taxes upon such property in addition to the assessment of such property for the current year . . . ."

[2] See, *e. g., City of Naples* v. *Conboy,* 182 So. 2d 412 (Fla. 1965); *Coppock* v. *Blount,* 145 So. 2d 279 (Fla. App. 1962). Appellants, however, construe these cases to hold that back taxation may be estopped on equitable principles only when there are "special circumstances" involved. Appellants contend that the present situation involves no such "special circumstances" that would justify an estoppel under these cases.

law to the State Supreme Court for decision.[3] If a declaration that § 192.06 (4) was unconstitutional would result in tax liability to appellee church, then this case is surely not moot. We have the opportunity to ask the Florida Supreme Court for a definitive answer to this question. I would take advantage of it.

---

[3] Certification is authorized by Fla. Stat. § 25.031 (1969):

"The supreme court of this state may, by rule of court, provide that, when it shall appear to the supreme court of the United States, to any circuit court of appeals of the United States, or to the court of appeals of the District of Columbia, that there are involved in any proceeding before it questions or propositions of the laws of this state, which are determinative of the said cause, and there are no clear controlling precedents in the decisions of the supreme court of this state, such federal appellate court may certify such questions or propositions of the laws of this state to the supreme court of this state for instructions concerning such questions or propositions of state law, which certificate the supreme court of this state, by written opinion, may answer."

The implementing rule is Fla. App. Rule 4.61. We have used this statute before, noting that it demonstrates "rare foresight" on the part of the Florida Legislature. *Clay* v. *Sun Ins. Office*, 363 U. S. 207, 212.