Jose MACHADO et al., Plaintiffs,

v.

The DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES OF the STATE OF FLORIDA and Emmett S. Roberts, Individually and as Secretary of the Department of Health and Rehabilitative Services of the State of Florida, Defendants.

No. 72–1843–Civ–CA.

United States District Court,
S. D. Florida.

April 6, 1973.

Alfred Feinberg, Legal Services of Greater Miami, Inc., Miami, Fla., for plaintiffs.

Chester G. Senf, Jacksonville, Fla., for defendants.

Before DYER, Circuit Judge, and ATKINS and ROETTGER, District Judges.

## ORDER

This cause came before the Court for a hearing on plaintiffs' prayer to declare unconstitutional and permanently enjoin the operation of F.S.A. § 409.-266(1)(b).[1] The Court has jurisdiction in this matter pursuant to Title 28 of the United States Code, Sections 1343(3), 2201, 2202, 2281, and 2284; the cause of action is premised on Title 42, Section 1983. The provision challenged reads in pertinent part:

(1) The department is authorized to provide medical services through the division of family services to any person who:

\*     \*     \*     \*     \*     \*

(b) Is a citizen of the United States or has been a resident of the United States for at least twenty (20) years and resides in this state.

---

1. The plaintiffs also prayed that the Court allow this action to proceed as a class action with two alternatives proposed outlining the boundaries of the class. Because of the disposition of this case, a determination that this cause of action shall proceed as a class action is not necessary. Therefore the prayer must be denied.

The suit was filed on behalf of several plaintiffs who had been refused certification to participate in the Medicaid Program. Although they could not be certain as to the reason for refusal, this statute appeared to offer at least one possible justification—a justification that the plaintiffs allege should not exist.

At the hearing, however, the testimony offered by the defendant purported to show that since the Zarate v. Dept. of Health and Rehabilitative Services, 347 F.Supp. 1004 (S.D.Fla.1971), aff'd, Satte Dept. v. Zarate, 407 U.S. 918, 92 S.Ct. 2462, 32 L.Ed.2d 803 (1972), decision in November of 1971, the department has not used this statutory provision to prevent otherwise categorically indigent aliens who ordinarily would be eligible to receive Medicaid from qualifying under the Medicaid program. The director of the program stated on the stand that he considered the subsection a "dead letter". It was further established that the only otherwise eligible individuals prevented from participating in the Medicaid program after November of 1971 were a select group of persons defined as "refugees"[2] who were covered by similar benefits available under the Cuban Refugee Assistance Program.

## CASE OR CONTROVERSY AND STANDING

1) The only real question before this Court is whether the plaintiffs have a case or controversy within the meaning of Article III, Section 2 of the United States Constitution, or standing to challenge the constitutionality of the statute in question. An identically worded subsection of another statute has previously been declared unconstitutional by a Three Judge Court from this district in *Zarate, supra.*

■ The court finds that there is a case or controversy in the present action. Without belaboring the point, this question is one "capable of repetition, yet evading review". Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). No purpose would be accomplished if this Court refused the relief requested—the provision is clearly unconstitutional and we should eliminate the possibility of it being used to refuse eligibility to otherwise qualified individuals. *Cf.* Hall v. Beals, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969).

This case is distinguishable from Diffenderfer v. Central Baptist Church, 404 U.S. 412, 92 S.Ct. 574, 30 L.Ed.2d 567 (1972), rev'g, D.C., 316 F.Supp. 1116 (1970). That case involved a request for a declaratory decree of unconstitutionality and an injunction against a Florida statute providing a tax exemption to church property even though the property was used for commercial purposes. The lower court upheld the statute, but by the time the appeal reached the Supreme Court for decision the statute had been repealed. The requested relief was held to be "inappropriate now that the statute has been repealed." 404 U.S. at 415, 92 S.Ct. at 576. The judgment of the District Court was vacated and the cause remanded. Although the Court noted that

> We must review the judgment of the District Court in light of Florida law as it now stands, not as it stood when the judgment below was entered,

the opinion indicated that remanding the case to the District Court with leave to amend the complaint, rather than remanding with orders to dismiss, was appropriate since the "appellants may wish to amend their complaint so as to demonstrate that the repealed statute retains some continuing force . . . ."

2. . . . Provided, that the term "refugees" as herein used means aliens who (a) because of persecution or fear of persecution on account of race, religion, or political opinion, fled from a nation or area of the Western Hemisphere; (b)

cannot return thereto because of fear of persecution on account of race, religion, or political opinion; and (c) are in urgent need of assistance for the essentials of life;
22 U.S.C.A. § 2601(b)(3) (1970).

404 U.S. at 414, 92 S.Ct. at 576. In this instance the statute has not been repealed; the "public interest" requires this Court to lay to rest any "continuing force" the statute possesses. *See also* Dunn v. Blumstein, 405 U.S. 330, 92 S. Ct. 995, 31 L.Ed.2d 274 (1972); Moore v. Ogilvie, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969), and Ihrke v. Northern States Power Company, 459 F.2d 566 (8th Cir. 1972).

■ 2) A determination that the plaintiffs have standing must be made by applying the facts of this case to tests set forth in Association of Data Processing Service Organizations v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L. Ed.2d 184 (1970). Have the plaintiffs alleged "that the challenged action has caused [them] injury in fact, economic or otherwise," and are the interests sought to be protected "arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question" ? 397 U.S. at 152, 153, 90 S.Ct. at 830. *See also* Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970); Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L. Ed.2d 947 (1968); Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); Higginbotham v. Barrett, 473 F.2d 745 (5th Cir. 1973), and Johnson v. Morton, 456 F.2d 68 (5th Cir. 1972). The complaint clearly meets both the tests set forth by the Supreme Court. The plaintiffs allege that they "are State Welfare recipients (Old Age Assistance)" who have been refused certification to participate in the "Florida Medicaid Program," making the alleged injury "economic" in the literal sense. There can be no question but that they have interests within the necessary "zone".

## CONSTITUTIONALITY

■ The subsection complained of is clearly unconstitutional. Counsel for the defendant admitted that there was no case law to support his position. Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971); Zarate v. Department of Health and Rehabilitative Services, 347 F.Supp. 1004 (S. D.Fla.1971), aff'd, State Dept. v. Zarate, 407 U.S. 918, 92 S.Ct. 2462, 32 L.Ed.2d 803 (1972). A stipulation as to this aspect of the case could have been reached by both parties, except that the only person authorized to stipulate to the unconstitutionality of a Florida statute is the Attorney General of Florida, and he of course was not a party.

## RETROACTIVE PAYMENTS

Based on this finding of unconstitutionality, the plaintiffs seek retroactive payment for

any and all medical expenses which Plaintiffs and members of Plaintiffs' class and subclass have incurred as a result of Defendants' refusal to certify them for participation in the "Florida Medicaid Program", from the date they began receiving State Welfare or June 14, 1971, the date on which the United States Supreme Court decided Graham v. Richardson, 403 U.S. 365, [91 S.Ct. 1848, 29 L.Ed.2d 534] (1971), whichever is more recent.

This Court is of course aware of the precedent for such retroactive payments in special situations: Jordan v. Weaver, 472 F.2d 985 (7th Cir. 1973); *Zarate, supra. But see* Rothstein v. Wyman, 467 F.2d 226 (2d Cir. 1972) and Like v. Carter, 353 F.Supp. 405 (E.D.Mo.1973).

■ The testimony developed at the evidentiary hearing, however, convinces the Court that this is not such a special situation, and, as such, is distinguishable from *Zarate*. Based on *Zarate*, the Department decided that the statutory provision in question here did not justify the refusal of certification to those who would otherwise be includible except for the application of this provision. The director explained that the only individuals who would ordinarily be certified to receive Medicaid, but who were not so certified, were those individuals qualifying for coverage under the Cuban Refugee Assistance Program.

The Department felt that this program provided substantially equivalent coverage, thereby eliminating the need to duplicate the services. The only claim that the plaintiffs advanced to justify retroactive payments in this situation can be summarized thusly: although the Program did theoretically provide equivalent medical services and drugs, the plaintiffs and the class they represented were sometimes forced to seek outside medical assistance because of the inconvenience inherent in travelling to a clinic, and were also sometimes forced to purchase drugs at retail prices because the clinic was out of the drugs prescribed.

While claims of this type might otherwise be of sufficient constitutional importance to justify relief from a Three-Judge Court, here the expenditure of time and money necessary to attempt to track down and substantiate these claims clearly outweighs the benefit possibly to be derived from reimbursing the plaintiffs retroactively. This Court must weigh the equities before automatically granting extraordinary relief such as this. In this instance, the equities are clearly with the defendant. For this reason that prayer is denied.

Thereupon it is ordered and adjudged as follows:

1) Section 409.266(1)(b) of the Florida Statutes, F.S.A., is declared to be unconstitutional as violative of the Fourteenth Amendment to the Constitution.

2) The Department of Health and Rehabilitative Services shall be and it hereby is permanently enjoined from enforcing and executing the eligibility requirement of the "Florida Medicaid Program" contained in Section 409.-266(1)(b) of the Florida Statutes, F.S.A.

3) The request for retroactive payment of benefits shall be and it hereby is denied.

4) The three-Judge panel shall be and it hereby is dissolved.