477 F.2d 1148
 Lieutenant Junior Grade Monroe G. PILAND III, United States
Navy, 746968, Petitioner-Appellant,
v.
Captain G. V. EIDSON, Commanding Officer, Naval Inshore
Operations Training Center, Mare Island Naval Shipyard,
Vallejo, California, Rear Admiral Alfred R. Matter,
Commandant, 12th Naval District, Treasure Island,
California, Respondents-Appellees.
 No. 71-2853.
 United States Court of Appeals,
Ninth Circuit.
 April 18, 1973.
 
 John H. Vaisey (argued), Mark Borsuk, Somers, Kallen & Vaisey, San Francisco, Cal., for petitioner-appellant.
 Brewster Q. Morgan, Asst. U. S. Atty. (argued), Dwayne Keyes, U. S. Atty., San Francisco, Cal., Rear Admiral Alfred R. Matter, Commandant, Treasure Island, Cal., Capt. G. V. Eidson, Commanding Officer, for respondents-appellees.
 Before ELY and WALLACE, Circuit Judges, and KELLEHER,* District Judge.
 KELLEHER, District Judge:
 On September 15, 1971, appellant, while stationed at a Navy Facility, Mare Island, California, submitted his application for discharge from the Naval Service as a conscientious objector. Pursuant to Navy regulations administrative proceedings to determine the validity of appellant's request were initiated. On October 14, 1971, the Chief of Naval Personnel issued orders directing appellant's detachment from duty at Mare Island, within the Eastern District of California, and ordering him when detached to report for duty at Naval Station, Adak, Alaska.
 Alleging that the transfer was punitive and in violation of his constitutional rights, appellant, on October 28, 1971, filed a petition for writ of habeas corpus, mandamus and injunctive relief, seeking an order of the District Court for the Eastern District of California requiring appellees to cancel the transfer or, in the alternative, restraining appellees from removing appellant from the Eastern District of California until thirty days after completion of final administrative action on his application for discharge. This relief was denied. The District Court found that: there was no jurisdiction under 28 U.S.C. Sec. 2241 since administrative remedies had not been exhausted; on the merits a writ of mandamus should not issue; and, appellant's constitutional claims lacked merit. Appellant appealed, sought, and was granted by Mr. Justice Douglas a stay of deployment pending appeal.
 
 
 1
 On January 31, 1972, the Department of the Navy denied appellant's application for discharge. By this final administrative action it appears that the appeal is moot since appellant, by the stay of deployment, has received all the relief which he requested. However, in oral argument, the court was informed by Government counsel that upon determination of this appeal and the consequent expiration of the stay of deployment, appellant would be sent, forthwith, to Adak, Alaska. Government counsel further advised the court of his view that jurisdiction of the District Court for the Eastern District of California would thereby be ousted, compelling appellant to adjudicate in Alaska the propriety of the denial of his request for discharge.
 
 
 2
 We have concluded that the process of this court can be invoked and should be exercised to prevent this.
 
 
 3
 Appellant initiated this action to prevent a transfer that would seriously impede his efforts to establish conscientious objector status. His petition and the showing he made below appear not to be frivolous or motivated by expediency. Indeed, the trial court expressed the view that appellant was sincere in his moral convictions opposing war. But, as the court noted, that question was not properly before the trial court and hence, appellant's entitlement to conscientious objector status was not there determined. Now that administrative action on appellant's claim of conscientious objection has been completed it is obvious that appellant will test the legality of the denial.
 
 
 4
 But, the Government has represented to this court that upon the dissolution of the stay of deployment, appellant will be prevented from judicial pursuit of his remedy except in remote Adak, Alaska. This is exactly what appellant sought to avoid as punitive and constitutionally prohibited.
 
 
 5
 The appeal is not moot, for preservation of jurisdiction to pursue his remedy by appropriate proceeding is the core of the matter.
 
 
 6
 We are mindful that courts are properly hesitant to intervene in military affairs. See Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953), rehearing denied 345 U.S. 931, 73 S.Ct. 779, 97 L.Ed. 1360 (1953). However, our concern here is not intrusion upon the miltiary but to insure that access to the courts be preserved to a military officer who seeks judicial determination of an important right. The Government, acting through the Department of the Navy, and particularly as announced by counsel in open court, appears to be without hesitation to intervene in the conduct of judicial matters. It is not for the Government, by the calculated use of military orders, to determine where jurisdiction shall lie for adjudication of disputes in which it may become involved.
 
 
 7
 It is well established that a person in the armed forces may, by habeas corpus proceedings, seek judicial review of the denial of his application for discharge as a conscientious objector. Jarrett v. Resor, 426 F.2d 213, 217 n.6 (9th Cir. 1970). In Jarrett this court determined that jurisdiction under 28 U.S.C. Sec. 2241(a) requires that a habeas corpus petitioner in the military be physically present and detained in custody within the jurisdiction in which the petition is filed.
 
 
 8
 A military officer under orders transferring him from a duty station within one judicial district to another has jurisdictional problems when he seeks to invoke the great writ. While in transit from his dispatching station to his new place of duty he has no recourse, for habeas corpus proceedings, to a judicial district through which he passes and in which he takes leave as he is not "detained in custody" in that district. Jarrett v. Resor, supra. See United States ex rel. Rudick v. Laird, 412 F.2d 16 (2d Cir. 1969), which denied jurisdiction in a similar situation on the ground that the transient petitioner was not then, and never had been detained in custody in that district.
 
 
 9
 However, appellant, having received notice of orders providing for his transfer to Adak, Alaska, before he was detached, sought relief in the district in which the dispatching station is located. Orders of detachment were subsequently issued on November 1, 1971. Technically, appellant is presently assigned to Adak but appellant is also, technically, in transit between his former duty station at Mare Island and Adak. For the purposes of 28 U.S.C. Sec. 2241, despite the detachment order of November 1, 1971, appellant is in custody within the Eastern District of California. Miller v. Chafee, 462 F.2d 335 (9th Cir. 1972); See Feliciano v. Laird, 426 F.2d 424, 427 n. 4 (2d Cir. 1970); cf. Strait v. Laird, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972). Since final administrative action is now complete, habeas corpus will now lie in the Eastern District of California.
 
 
 10
 Appellant should be afforded an opportunity in the Eastern District of California, where all of his significant contacts with the Navy concerning his conscientious objector status have taken place, and where appellant initiated this action in an attempt to preserve jurisdiction, to test the legality of the denial of his claim. By our order we will preserve that jurisdiction.
 
 
 11
 Accordingly, it is ordered that a stay of deployment of appellant's transfer to Adak, Alaska, be issued for a period of thirty (30) days from the filing of this opinion.
 
 
 12
 It is further ordered that this matter be remanded to the District Court for appellant to take such further proceedings therein as he may be advised to test the legality of the denial of his claim, either by amendment of his original petition or by initiation of a new proceeding.
 
 
 13
 Remanded.
 
 WALLACE, Circuit Judge (concurring):
 
 14
 I concur in the result only. Piland sought to cancel or, alternatively, to restrain any transfer until thirty days after final administrative action on his discharge application. That final action occurred on January 31, 1972, and thirty days have long since elapsed without a transfer.
 
 
 15
 Because he has received the relief he sought, his appeal from its denial is moot. Normally a case such as this should be remanded to the district court for dismissal. Duke Power Co. v. Greenwood County, 299 U.S. 259, 267, 57 S. Ct. 202, 81 L.Ed. 178 (1936). However, considering the special circumstances of this case and the liberality of Fed.R.Civ. P. 15(a), I would vacate the judgment of the district court and remand this case with leave to Piland to amend his pleadings to challenge the administrative denial of his application. Compare Diffenderfer v. Central Baptist Church, 404 U.S. 412, 92 S.Ct. 574, 30 L.Ed.2d 567 (1972); Bryan v. Austin, 354 U.S. 933, 77 S.Ct. 1396, 1 L.Ed.2d 1527 (1957). Such a disposition would achieve the desired effect of preserving the status quo without adopting the unnecessarily broad rule formulated by the majority.
 
 
 
 *
 Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation