Gary **ACKERMAN** and **Rita Ackerman**, **Plaintiffs**,

v.

The **BOARD OF EDUCATION OF the CITY OF NEW YORK et al.**, **Defendants**.

**No. 71 Civ. 5106.**

United States District Court, S. D. New York.

Feb. 14, 1974.

Marc Feigen Fasteau, Brenda Feigen Fasteau, American Civil Liberties Union, New York City, for plaintiffs.

Norman Redlich, Corp. Counsel, by Margaret G. Gold, Asst. Corp. Counsel, New York City, for defendants.

## MEMORANDUM

BONSAL, District Judge.

These are cross motions. Plaintiffs move for a class action determination and for partial summary judgment. Defendants move for summary judgment dismissing the complaint on the ground that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. For the reasons hereinafter set forth, the motions are denied.

*Facts*

Plaintiffs, Gary and Rita Ackerman, instituted this action on their own behalf and on behalf of "over 5,000 male licensed teachers employed by the Board of Education and their wives, who are denied the right to privately determine how they will raise their families without the arbitrary interference and unconstitutional discrimination by the Defendants." The defendants are the Board of Education of the City of New York ("the Board of Education") and various individual agents of the Board of Education. Plaintiffs, alleging that former section 107 of the Board of Education Bylaws, which pertained to maternity and child care leave, was contrary to rights guaranteed to them by the federal constitution and federal law, seek declaratory, injunctive and monetary relief. Jurisdiction is asserted under 28 U.S.C. §§ 1331 and 1343.

On November 4, 1969, while plaintiff Gary Ackerman was a teacher in the New York City school system, he had a daughter by his wife, plaintiff Rita Ackerman. On September 9, 1970, Gary applied to his school principal for a leave of absence without pay for the purpose of "Materity [sic] and child care." Gary's application was marked "Not recommended" by the principal of his school and "Disapproved" by the "Supervising Superintendent." In the following months, Gary sought without success to have the application approved first by the Board of Education, then by defendant Lang, and finally, by defendant Scribner. Plaintiffs allege that "[t]hroughout this entire period, Plaintiff Gary Ackerman was told by the Board of Education's servants, agents and employees that the leave was available only to the Board of Education's female employees."

Gary did not report to work at the beginning of the 1970–71 school year and has not worked as a teacher in the New York City school system since. His teaching license terminated on June 30, 1973.

Plaintiffs filed their original complaint on November 22, 1971. Thereafter, on March 24, 1972, Title VII of the 1964 Civil Rights Act ("Title VII") was amended to include employment discrimination by State agencies. *See* Equal Employment Opportunity Act of 1972, Pub.L.No.92–261, 86 Stat. 103. Following the amendment, plaintiffs filed a charge with the Equal Employment Opportunity Commission, and on December 29, 1972 a "Determination" was issued by the "District Director" which stated:

"There is reasonable cause to believe that Respondent [the Board of Education] maintains a policy with regard to child caring leave that discriminates against male teachers as a class and against Charging Party Gary Ackerman as a member of that class in violation of Title VII. This policy also has an adverse impact on the wives of male teachers because of their husbands' sex."

Stipulations permitting plaintiffs to amend the complaint to state causes of action under Title VII, Executive Order 11246, and the Education Amendments of 1972, Pub.L.No.92–318, 86 Stat. 235, were filed on February 2, 1973 and April 24, 1973. On April 25, 1973, plaintiffs filed a "Second Amended Complaint."

When Gary applied for maternity and child care leave in September 1970, section 107 of the Board of Education Bylaws provided in relevant part:

"1. As soon as any regular or non-regular employee in the teaching staff shall become aware of her pregnancy, she shall apply for a leave of absence for the purpose of maternity and child care. . . ."

Maternity and child care leave under section 107 was without pay, although persons absent on such leave were allowed to teach as per diem substitutes. On November 28, 1973, section 107 was amended, effective September 1, 1973, to provide child care leave "to a natural or adoptive parent upon application."

*Plaintiffs' Motion for a Class Action Determination*

█ In view of the 1973 amendment to section 107, plaintiffs must show that male teachers who have been denied child care leave prior to the effective date of the amendment are "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). *See* Demarco v. Edens, 390 F.2d 836, 845 (2d Cir. 1968); Kinzler v. New York Stock Exchange, 53 F.R.D. 75, 77 (S.D. N.Y.1971). According to the deposition of Rufus B. Shorter, Deputy Executive Director of the Board of Education, some 40% of the approximately 66,000 teachers employed by the Board of Education are male. On the other hand, Shorter's deposition and his affidavit indicate that Gary was the first male teacher to apply for child care leave and that only one other male teacher applied for child care leave prior to the effective date of the 1973 amendment to section 107. Since plaintiffs have failed to show that the alleged class is so numerous that joinder of all members is impracticable, their motion for an order declaring that this action be maintained as a class action is denied.

*Motions for Summary Judgment*

█ The termination of Gary's teaching license for reasons not alleged to be related to this suit[1] and the amendment of section 107 have narrowed the remedies presently available to plaintiffs. The termination of Gary's teaching license precludes this Court from enjoining the Board of Education from discharging him as a teacher or from ordering the Board of Education to grant the child care leave. Although the question of declaratory relief may not be mooted entirely because of the continued existence of plaintiffs' claims for monetary relief, the appropriateness of the declaratory remedy is questionable now that the amendment has relieved section 107 of the legal infirmity which plaintiffs' seek to ascribe to it. *Cf.* Diffenderfer v. Central Baptist Church, 404 U.S. 412, 92 S.Ct. 574, 30 L.Ed.2d 567 (1972).

█ Remaining for determination is plaintiffs' entitlement to monetary relief and attorneys' fees. Plaintiffs seek monetary relief in the amount that Gary alleges he would have earned had he been granted child care leave and consequently been allowed to teach as a substitute. Resolution of these issues depends on factual issues vigorously contested by the parties. The issues of fact remaining for trial include, but are not necessarily limited to, the following:

1) the availability and terms of child care leave for men under section 106(7) of the Board of Education By-laws, which provides for leave for the purposes of study, restoration of health, or for other satisfactory reasons; and

2) whether Gary, in spite of his absence without leave, could have taught as a substitute had he so applied.

Accordingly, both plaintiffs' and defendants' motions for summary judgment are denied.

Settle order on notice.

---

1. According to the affidavit of Rufus Shorter, Gary's teaching license terminated as a result of his failure to complete thirty graduate credits by July 1, 1972. The Shorter affidavit further states that the time to fulfill this eligibility requirement is not tolled for persons on maternity or any other type leave.