CITIZENS FOR A BETTER ENVIRON-MENT et al., Plaintiffs,

v.

VILLAGE OF ELM GROVE et al., Defendants.

No. 78–C–670.

United States District Court, E. D. Wisconsin.

Feb. 6, 1980.

Edhlund & Rachofsky by Sandra A. Edhlund, Milwaukee, Wis., for plaintiffs.

Davis, Kuelthau, Vergeront, Stover & Leichtfuss by Thomas G. Boyer, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs have moved for summary judgment as to their claims for declaratory and injunctive relief. Specifically, they seek (1) summary judgment as to the issue whether the defendants imposed on the plaintiffs restrictions which violated the plaintiffs' First Amendment rights, (2) declaratory relief regarding the constitutionality of Chapter 20 of the Elm Grove ordinances, (3) injunctive relief regarding the future passage of legislation regulating solicitors, and (4) an order directing the defendants to pay the plaintiffs' costs and attorney's fees in this action. The plaintiffs have also moved to strike portions of the defendants' brief filed in response to the motion for summary judgment.

## I. INFRINGEMENT OF THE PLAINTIFFS' CONSTITUTIONAL RIGHTS

On page six of their brief in response to the instant motion, the defendants state: ". . . Defendants do not contest the issuance of an order finding that the Village's enforcement of its solicitation ordinance violated Plaintiff [Citizens for a Better Environment] CBE's constitutional rights at the times CBE applied for exemptions therefrom."

Accordingly, CBE is entitled to summary judgment on the issue whether its First Amendment rights were violated. Since it appears from the record before me that the defendants considered the application of the village solicitation ordinance and exemptions thereto with regard to CBE rather than its members or officers, summary judgment on this issue will be limited to claims made by CBE rather than the second plaintiff, Martin Wojcik, CBE's director of development.

## II. DECLARATORY RELIEF

In their initial moving papers, the plaintiffs sought a declaratory judgment that the Elm Grove solicitation ordinance "as it existed from February, 1977, to July, 1978, and as it existed from July, 1978, to the present is unconstitutional on its face. . . ." Subsequently in their reply brief, the plaintiffs have amended their request for declaratory relief, so that they now seek an order declaring "the former ordinance in effect up to the commencement of the action as unconstitutional."

This action was originally filed on October 18, 1978. On December 18, 1978, I granted the plaintiffs' motion for a preliminary injunction, enjoining the defendants from enforcing against the plaintiffs Chapter 20, Elm Grove Ordinances, as that chapter existed on that date. Subsequent to the court's order, on June 11, 1979, the village board of Elm Grove substantially amended Chapter 20. The plaintiffs, in their reply brief, concede that the present ordinance is constitutional. However, they continue to seek a declaratory judgment regarding the constitutionality of the former solicitation ordinance.

In *Diffenderfer v. Central Baptist Church of Miami, Florida, Inc.*, 404 U.S. 412, 92 S.Ct. 574, 30 L.Ed.2d 567 (1972), the plaintiffs brought suit for declaratory and injunctive relief, challenging the constitutionality of a Florida statute to the extent that it authorized a tax exemption for a church parking lot used at times for commercial purposes. The Court held that the repeal of the statute in question rendered the plaintiffs' claims moot. Likewise in the instant case, the plaintiffs' claims with regard to a statute which is no longer in existence are moot.

The plaintiffs make two arguments to avoid the conclusion of mootness in this instance. First, they contend that while the village board repealed the statute in question, it "could well be reenacted immediately upon dismissal of this litigation and removed again when the Board was next sued." The plaintiffs' allegations regarding

future bad faith actions on the part of the defendants are entirely speculative. Following the entry of this court's decision and order dated December 18, 1978, the village board amended Chapter 20 sufficiently so that the plaintiffs concede it is now constitutional. There is nothing in the record to support the allegation that the defendants would invite future litigation by reenacting the previously challenged statute.

The plaintiffs also contend that the present case falls in that category of controversies which are capable of repetition yet evade review. *See e. g., Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). The inapplicability of that doctrine to a case such as this was clearly noted by the Court in *Diffenderfer,* supra, 404 U.S. at 414, 92 S.Ct. at 575. Accordingly, the plaintiffs' claim for declaratory relief as to Chapter 20 will be dismissed.

### III. INJUNCTIVE RELIEF

The plaintiffs also seek an "order enjoining the defendants from creating and enforcing an ordinance regulating solicitors in a manner the same as, or substantially similar to, Elm Grove Ordinance, Chapter 20, as it existed from February, 1977, to October 18, 1978." For reasons stated above, I find that the prospect of the defendants reenacting constitutionally questionable solicitation regulations to be too speculative to justify the imposition of injunctive relief. *See O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

### IV. COSTS AND ATTORNEY'S FEES

In view of the fact that the plaintiffs' claims for damages remain in this case, the plaintiffs' request for attorney's fees and costs is premature and will be considered at the conclusion of this litigation.

### V. MOTION TO STRIKE

The plaintiffs have moved to strike those portions of the defendants' brief referring to the defendants' offer of judgment filed with the court on December 3, 1979. Rule 68, Federal Rules of Civil Procedure, provides in part:

"An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs."

In light of Rule 68 and of the fact I have not dealt with the plaintiffs' motion for costs, in resolving the plaintiffs' motion for summary judgment I have not considered the defendants' references to their offer of judgment, and will grant the plaintiffs' motion to strike such references.

Therefore, IT IS ORDERED that the plaintiffs' motion for summary judgment as to the issue whether the defendants violated the First Amendment rights of the Citizens for a Better Environment be and hereby is granted.

IT IS ALSO ORDERED that the plaintiffs' claims for declaratory and permanent injunctive relief be and hereby are dismissed.

IT IS FURTHER ORDERED that the plaintiffs' motion to strike portions of the defendants' brief in opposition to the plaintiffs' motion for summary judgment be and hereby is granted.