CITY OF ROMULUS, Fouad Berry, on behalf of themselves and the Citizens, Residents and Owners of Property within the City of Romulus, and those similarly situated, and The Romulus Community Schools Board of Education, Plaintiffs and Appellants,

v.

COUNTY OF WAYNE, The Board of County Road Commissioners of Wayne County, Claude S. Brinegar, Secretary of Transportation, Alexander Butterfield, Administrator of the F.A.A., Defendants and Appellees.

No. 76–1243.

United States Court of Appeals, Sixth Circuit.

Argued June 12, 1980.

Decided Nov. 6, 1980.

Jerrold A. Fadem, Michael M. Berger, Fadem, Berger, McIntire & Norton, Santa Monica, Cal., for plaintiffs and appellants.

Aloysius J. Suchy, Corp. Counsel, George H. Cross, Chief Asst. Corp. Counsel, and David R. Kaplan, Asst. Pros. Atty., Detroit, Mich., for Wayne County.

John P. Cushman, Detroit, Mich., for Wayne Road Commissioners.

Edward S. Faggen, James A. Hourihan, Geo. U. Carneal, Allen R. Snyder, Washington, D.C., for F.A.A.

Before MERRITT, BROWN and JONES, Circuit Judges.

MERRITT, Circuit Judge.

The City of Romulus, Michigan, the Romulus school board and a Romulus citizen brought this action against the United States Transportation Secretary, the Federal Aviation Administrator and local governmental agencies that operate the Detroit Metropolitan Airport for an injunction to prevent construction of an additional $20 million, ten–thousand–foot, third parallel runway at the airport. The runway has now been completed, and the controversy over the construction of the runway is moot.

The federal defendants prepared an environmental impact statement under § 102 of the National Environmental Policy Act, 42 U.S.C. § 4332. The District Court found the statement inadequate and enjoined federal funding. 392 F.Supp. 578 (E.D.Mich. 1975). The federal defendants then supplemented the impact statement, and the District Court dissolved the injunction. The plaintiffs appeal from the dissolution order.

After a trial to determine the adequacy of the impact statement, the District Court granted a preliminary injunction prohibiting the federal defendants from funding or participating in the runway project "until the requirements of § 102 of NEPA are met." The Court's opinion set out in detail the reasons for the District Court's findings, reasons which included the lack of statistical traffic information showing a need for another runway, the lack of adequate information about traffic congestion and delays in landing, and the lack of information about the effect of noise on nearby homes and schools.

The government then drafted and adopted a lengthy addendum to the impact statement and moved to dissolve the preliminary injunction. After hearing, the District Court dissolved the injunction. It found that the information and conclusions, as revised and supplemented, were now adequate.

The plaintiffs' arguments on appeal do not address any question other than their claim that the District Court erred in dissolving the preliminary injunction and permitting construction of the runway to proceed. They argue that the government's projections concerning future aircraft traffic are wildly inflated, that no analysis of costs or benefits was made, that the noise standard employed is improper, and that the government failed to reevaluate the project after drafting the addendum. Their entire argument on appeal is addressed to the claimed inadequacy of the environmental impact statement as revised and the government's failure to evaluate the project properly. They have not addressed or argued any question regarding damages or injunctive relief other than the injunctive relief denied by the District Court when it dissolved its previous injunction preventing construction of the runway. Plaintiffs did not file a motion in this court or in the District Court for an injunction pending appeal. During the time that this appeal has been pending, the runway in question has been completed.

The government is correct in its claim that the issue presented on appeal–whether the District Court erred in dissolving its previous injunction preventing construction of the runway–is now moot in light of the fact that the runway is finished. The activities which plaintiffs seek to enjoin are over, and we are not in position to prevent what has already occurred. Plaintiffs may now have claims that the use of the runway should be restricted, that they should be awarded damages, or even that the runway should be abandoned. But these are not claims on which the District Court has ruled or that have been addressed to us on appeal. Plaintiffs have argued on appeal only that the District Court erred in declining to continue its injunction against construction of the runway. Any such injunction would now be ineffectual and beside the point. That issue is no longer live.

Plaintiffs do not argue that the government's action in this case is capable of repe-

tition yet evades review or that there is a specific or general threat that the government's conduct may be repeated in such a way as to injure plaintiffs. Therefore, we apply the familiar principle that an action is moot where the activities sought to be enjoined have already occurred and can no longer be prevented. *Ogunquit Village Corp. v. Davis*, 553 F.2d 243 (1st Cir. 1977); *Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377 (9th Cir. 1978); *In Matter of Combined Metals Reduction Co.*, 557 F.2d 179 (9th Cir. 1977); *Todd v. Joint Apprenticeship Committee*, 332 F.2d 243 (7th Cir. 1964), *cert. denied*, 380 U.S. 914, 85 S.Ct. 880, 13 L.Ed.2d 800 (1965). In light of the fact that this appeal has become moot while on its way here and pending our decision on the merits, we vacate the orders of the District Court granting and dissolving the injunction preventing construction of the runway and remand the action to the District Court for appropriate further proceedings on any remaining issues not adjudicated by our decision here. For the effect of finding of mootness in cases where other issues may remain, see *Diffenderfer v. Central Baptist Church*, 404 U.S. 412, 415, 92 S.Ct. 574, 576, 30 L.Ed.2d 567 (1972).

Accordingly, it is so ordered.