**CHAMBER OF COMMERCE OF the UNITED STATES of America, et al., Appellants,**

v.

**Robert B. REICH, Secretary, United States Department of Labor, Appellee.**

No. 95–5135.

United States Court of Appeals, District of Columbia Circuit.

Argued June 15, 1995.

Decided June 21, 1995.

Timothy B. Dyk, Washington, DC, argued the cause for appellants. Andrew M. Kramer, Willis J. Goldsmith, Stephen F. Smith, Stephen A. Bokat, Mona C. Zeiberg, Daniel R. Barney, Lynda S. Mounts, Daniel V. Yager, Douglas S. McDowell, and Janice S. Amundson entered their appearances for appellants.

John A. Rogovin, Attorney, U.S. Dept. of Justice, Washington, DC, argued the cause for appellee. Margaret S. Hewing and Mark B. Stern, Attorneys, U.S. Dept. of Justice, entered their appearances for appellee.

Maurice Baskin, Washington, DC, entered an appearance for amicus curiae Associated Builders and Contractors, Inc.

Before: WALD, BUCKLEY and ROGERS, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

■ Appellants, the Chamber of Commerce of the United States and others,[1] challenge Executive Order No. 12954, 60 Fed. Reg. 13,023 (March 8, 1995) ("Order"), which authorizes the Secretary of Labor to disqualify from certain federal contracts employers who hire permanent replacement workers during a lawful strike. Appellants contend that the President had neither constitutional nor statutory authority to issue the Order and that the Order conflicts with the National Labor Relations Act, as amended, 29 U.S.C. §§ 151–169 (1988). The district court found appellants' challenges unripe and denied their requests for declaratory and injunctive relief. Because we find no institutional interest in deferring review and appellants will suffer substantial hardship if the court postpones consideration of their claims, we reverse and remand the case to the district court.

■ The two-pronged test for ripeness established by the Supreme Court in *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–49, 87 S.Ct. 1507, 1515–16, 18 L.Ed.2d 681 (1967), requires the court to consider both the "fitness" of the issues for judicial decision and the "hardship" to the parties of withholding review. "Purely legal questions," such as those presented in the instant case, are "presumptively [fit] for judicial review." *City of Houston v. HUD*, 24 F.3d 1421, 1431 (D.C.Cir.1994) (quoting *Better Gov't Ass'n v. Department of State*, 780 F.2d 86, 92 (D.C.Cir.1986)). Despite this presumption, however, even in cases involving pure legal issues, review is inappropriate when the challenged policy is "not sufficiently 'fleshed out'" to allow the court to "see the concrete effects and implications" of its decision, *American Trucking Ass'ns, Inc. v. ICC*, 747 F.2d 787, 789–90 (D.C.Cir.1984), or when deferring consideration might eliminate the need for review altogether. *See National*

*Ass'n of Regulatory Util. Comm'rs v. DOE*, 851 F.2d 1424, 1428–29 (D.C.Cir.1988).

The district court found both of these concerns present here. First, the court concluded that it would waste judicial resources to review the Order before the Secretary had "fleshed out" the policy in final regulations. *Chamber of Commerce v. Reich*, 886 F.Supp. 66, 71 (D.D.C.1995). This concern need not detain us because the Secretary has since promulgated final regulations. *See Permanent Replacement of Lawfully Striking Employees by Federal Contractors*, 60 Fed.Reg. 27,856 (1995) (to be codified at 29 C.F.R. ch. II & pt. 270); *see also Diffenderfer v. Central Baptist Church*, 404 U.S. 412, 414, 92 S.Ct. 574, 575–76, 30 L.Ed.2d 567 (1972) (in appeal involving facial challenge, court reviews law as it currently stands).

Second, the district court observed that because the Order gives the Secretary discretion to except certain contractors from the general rule, the challenged methodology might never "make ... [a] difference," and appellants' claims of injury might prove theoretical in the context of a particular case. 886 F.Supp. at 72 (quoting *National Ass'n of Regulatory Util. Comm'rs*, 851 F.2d at 1429). Whether the Order and regulations result in the termination or debarment of any government contractors is irrelevant, however, for the injury alleged here is not the sanction that the Secretary might ultimately impose. Rather, appellants claim that the mere existence of the Order alters the balance of bargaining power between employers and employees by creating a disincentive for employers to hire replacement workers and thereby depriving them of a significant economic weapon in the collective bargaining process. Appellants seek to avoid this alleged "skewing" of the bargaining process through this lawsuit, and we are unpersuaded that a "concrete" prosecution by the Secretary would assist the court in analyzing appellants' facial challenge based on this issue. *See Edison Elec. Instit. v. EPA*, 996 F.2d 326, 334 (D.C.Cir.1993); *see also Super*

---

1. Appellants are the Chamber of Commerce of the United States of America; American Trucking Associations, Inc.; Labor Policy Association; National Association of Manufacturers; Bridgestone/Firestone, Inc.; and Mosler Inc.

*Tire Eng'g Co. v. McCorkle,* 416 U.S. 115, 125, 94 S.Ct. 1694, 1699–1700, 40 L.Ed.2d 1 (1974); *Employers Ass'n, Inc. v. United Steelworkers of America,* 32 F.3d 1297, 1299 (8th Cir.1994).

Although the court need not necessarily reach the "hardship" prong of *Abbott Laboratories* when institutional considerations favor immediate review, *see Eagle–Picher Indus. v. EPA,* 759 F.2d 905, 918 (D.C.Cir. 1985), appellants have alleged hardship. As appellants contend, the Order confronts employers with the difficult choice between surrendering their right to hire permanent replacements and risking the loss of current and future government contracts. This choice, between taking immediate action to their detriment and risking substantial future penalties for non-compliance, presents a paradigm case of "hardship" under the second prong of *Abbott Laboratories. See Natural Resources Defense Council v. EPA,* 859 F.2d 156, 166 (D.C.Cir.1988); *see also TRT Telecommunications Corp. v. FCC,* 876 F.2d 134, 141 (D.C.Cir.1989). *Compare Toilet Goods Ass'n, Inc. v. Gardner,* 387 U.S. 158, 164, 87 S.Ct. 1520, 1524–25, 18 L.Ed.2d 697 (1967) (no ripeness where mere existence of regulation has no impact on party's primary conduct).

Because appellants' facial challenges to the Order meet both the fitness and hardship prongs of *Abbott Laboratories,* the case is ripe for judicial review. Accordingly, we reverse the district court's order of May 9, 1995, and remand the case for expedited consideration.