**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICKY A. COX; SCOTT A.
TRACHTENBERG; FOREST EDGE FARMS,
INCORPORATED; CRAVEN COUNTY
LIVESTOCK ASSOCIATION; WADE S.
DUNBAR, III,
Plaintiffs-Appellants,

and

THOMAS L. MCCOY,
Plaintiff,

v.

DONALD L. PHILLIPS, individually and in
his official capacity as Chairman and
member of the Craven County Board
of Commissioners; CHARLES F. TYSON,

individually and in his official capacity
as Vice-Chairman and member of the
Craven County Board of
Commissioners; LEE K. ALLEN,
Individally and in his official capacity
as a member of the Craven County
Board of Commissioners; GARY BLEAU,
Individually and in his official capacity
as a member of the Craven County
Board of Commissioners; JOHNNIE
SAMPSON, JR., Individually and in his
official capacity as a member of the
Craven County Board of
Commissioners; ALBERT H. TOON, In
his official capacity as a member of

No. 97-2207

the Craven County Board of
Commissioners; EARL WRIGHT,
Individually and in his official capacity
as a member of the Craven County
Board of Commissioners; CRAVEN
COUNTY, NORTH CAROLINA,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CA-97-57-4-H)

Argued: April 7, 1998

Decided: May 5, 1998

Before WILKINSON, Chief Judge, and HAMILTON and
MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Isaac Clark Wright, Jr., WARD & SMITH, P.A., New
Bern, North Carolina, for Appellants. Trawick Hamilton Stubbs, Jr.,
STUBBS & PERDUE, P.A., New Bern, North Carolina, for Appel-
lees. **ON BRIEF:** Robert E. Futrell, Jr., WARD & SMITH, P.A.,
New Bern, North Carolina, for Appellants. David J. Haidt, STUBBS
& PERDUE, P.A., New Bern, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Craven County enacted a temporary moratorium on certain intensive livestock operations. The district court dismissed plaintiffs' complaint challenging the moratorium and seeking declaratory and injunctive relief. During the course of this appeal, the county's moratorium expired. This case is therefore moot. Accordingly, we vacate the judgment of the district court and remand the case with directions that it be dismissed.

I.

On February 25, 1997, the Craven County Board of Commissioners adopted an ordinance placing a moratorium on most new intensive livestock operations and the expansion of existing operations in the county. Craven County, N.C., Ordinance Providing For A Moratorium On Intensive Livestock Operations in Craven County, North Carolina (Feb. 25, 1997) ("Ordinance"). The ordinance defined intensive livestock operations to include any enclosure, pen, feedlot, building or group of buildings intended for the confined feeding, breeding, raising or hold of animals where animal waste may accumulate or where vegetative cover cannot be maintained due to the concentration of animals. Ordinance ¶1(a). According to the ordinance's preamble, the Board was concerned about the environmental and health risks associated with these operations such as water contamination and disease transmission. The Board enacted the moratorium in order to study the growth of intensive livestock operations and to determine whether to regulate them. The moratorium lasted through February 16, 1998.

At the time the moratorium took effect, plaintiff Thomas L. McCoy was upgrading and expanding his swine farm in Craven County. Plaintiffs Ricky A. Cox, Wade S. Dunbar, III, and Scott A. Trachten-

3

berg had undertaken extensive preparations for a large swine farm in Craven County and had formed Forest Edge Farms, Incorporated to own and operate it. After the Board declined to exempt their activities from the moratorium, these parties, as well as the Craven County Livestock Association, filed suit against the board members and the county. Their complaint alleged violations of the United States Constitution and North Carolina law. In their prayer for relief, plaintiffs requested only a declaratory judgment that the moratorium was invalid, an injunction prohibiting its enforcement, and other relief as the court should deem just and proper. Plaintiffs did not request money damages. Subsequently, McCoy settled his claims with the defendants. Following a hearing, the district court found no violation of federal law and dismissed the state law claims without prejudice. This appeal followed.

II.

Initially, we must determine whether we have jurisdiction over this appeal. Plaintiffs seek only a declaration that Craven County's moratorium is invalid and an injunction against its enforcement. That moratorium, however, ended on February 16, 1998. Its expiration therefore renders this case moot, and we lack jurisdiction to consider the merits of plaintiffs' claims.

Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (citations omitted); see U.S. Const. art. III, § 2. Federal courts cannot decide questions not affecting the rights of litigants in the case before them; a decision under such circumstances would be tantamount to rendering an advisory opinion. Preiser v. Newkirk, 422 U.S. 395, 401 (1975); North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam). To avoid this possibility, the "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis, 494 U.S. at 477. Thus, an actual controversy must exist "at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 117 S. Ct. 1055, 1068 (1997) (internal quotation marks and citations omitted); see Burke v. Barnes, 479 U.S. 361, 363 (1987).

When a law no longer remains in effect, cases challenging that law and requesting only prospective equitable relief ordinarily become

4

moot. See Burke, 479 U.S. at 363; Diffenderfer v. Central Baptist Church, 404 U.S. 412, 414 (1972) (per curiam). For example, this circuit has found moot a challenge to a statute when the legislature repealed it after the district court's entry of judgment. Maryland Highways Contractors Ass'n, Inc. v. Maryland, 933 F.2d 1246, 1249-50 (4th Cir. 1991). That case, involving only a request for declaratory and injunctive relief, had "lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law." Id. at 1249 (internal quotation marks and citation omitted); see Jordahl v. Democratic Party of Va., 122 F.3d 192, 198 (4th Cir. 1997), cert. denied, 118 S. Ct. 856 (1998). Of course our concerns about the need for a continuing controversy in cases of repealed laws apply equally to cases where laws have expired by their own terms. See Burke, 479 U.S. at 363. Thus, we agree with those circuits that have found "[a]s a general rule, if a challenged law . . . expires, the case becomes moot." Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1510 (9th Cir. 1994) (citations omitted); accord Associated Gen. Contractors of Conn., Inc. v. City of New Haven, 41 F.3d 62, 67 (2d Cir. 1994).

Plaintiffs' challenge to the Craven County moratorium has become moot. The complaint, as plaintiffs' counsel acknowledged at oral argument, does not request money damages. It requests only declaratory and injunctive relief. That relief, however, would have no legal effect now that the moratorium has expired. Though a live controversy undoubtedly existed when plaintiffs filed their complaint, that controversy has ended. Any ruling on the merits of plaintiffs' claims, therefore, would amount to nothing more than an advisory opinion on an expired law.

This case does not fall within an exception to the mootness doctrine. This is not a case capable of repetition yet evading review. See Southern Pac. Terminal Co. v. ICC, 219 U.S. 498 (1911). In the event the county adopts another ordinance, ample opportunity exists for judicial review. See National Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350-51 (D.C. Cir. 1997); Associated General Contractors, 41 F.3d at 66 n.7; Native Village of Noatak, 38 F.3d at 1509-10. Nor does the county's voluntary decision to set a time limit on the moratorium require us to reach the merits of this case. See City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283 (1982). The

5

Board of Commissioners set the moratorium's expiration date before this lawsuit had been filed; thus, it cannot be said that the Board acted in an attempt to avoid an adverse judgment. See, e.g., National Black Police Ass'n, 108 F.3d at 349-50; Associated General Contractors, 41 F.3d at 66.

III.

When a case becomes moot on appeal, the ordinary course is to vacate the judgment below and remand the case for dismissal. Arizonans for Official English, 117 S. Ct. at 1071; United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950); Suarez Corp. Indus. v. McGraw, 125 F.3d 222, 228 (4th Cir. 1997). We see no need to depart from this "established practice." Arizonans for Official English, 117 S. Ct. at 1071 (quoting Munsingwear, 340 U.S. at 39). We therefore vacate the judgment of the district court and remand the case with directions to dismiss the complaint.

VACATED AND REMANDED

6