The **FAIR HOUSING COUNCIL OF RIVERSIDE COUNTY, INC.; The Inland Mediation Board, Inc., Plaintiffs,**

and

**Eugenia Green, as an individual and as Guardian Ad Litem for Iran Green, Wendi Green, and Kamden Green, minors; Shannon Staples, as an individual and as Guardian Ad Litem for Jordan Palms and Brianna Staples,**

---

minors; Pamela Jackson Boynes, as an individual and as Guardian Ad Litem for Candace Boynes and Lesly Boynes, minors, Plaintiffs–Appellants,

v.

RIVERSIDE TWO, a California Partnership; Patrick Mcsherry; Tomaleen McSherry; and Greg McSherry; as individuals and doing business as the University Hills Apartments and the Casa del Mar Apartments; and Margaret Miller, Defendants–Appellees.

No. 99–55830.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2001

Filed May 21, 2001

Clifford A. Dover, Law Office of Clifford A. Dover, Fountain Valley, California, for the plaintiffs-appellants.

Edward L. Xanders, Greines, Martin, Stein & Richland LLP, Beverly Hills, California, for the defendants-appellees.

Before: PREGERSON, FERNANDEZ, and GRABER, Circuit Judges.

GRABER, Circuit Judge:

The parties to this civil case filed simultaneous cross-motions for summary judgment. The district court granted Defendants' motions, denied Plaintiffs' motion as moot, and entered a judgment dismissing the action. We hold that, when simultaneous cross-motions for summary judgment on the same claim are before the court, the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them. Because we cannot ascertain from the record whether the district court followed that procedure, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are Shannon Staples and her minor children, Eugenia Green and her minor children, and Pamela Jackson Boynes and her minor children.[1] They brought this action against Defendants Riverside Two, Patrick McSherry, Tomaleen McSherry, Greg McSherry, and Margaret Miller. The Staples and Green families resided at the Casa del Mar Apartments; the Boynes family rented an apartment in the University Hills complex. Defendants Riverside Two and the McSherrys owned and operated the two complexes; Defendant Miller was the resident manager at University Hills.

Plaintiffs alleged discrimination by Defendants on the basis of race and familial status, in violation of the federal Fair Housing Act, 42 U.S.C. §§ 3601 to 3619 ("FHA"), and the California fair-housing laws. Plaintiffs also alleged several other claims under California law. After the district court dismissed with prejudice several of Plaintiffs' claims,[2] the parties brought cross-motions for summary judgment on the FHA claim. Plaintiffs joined in a single motion; Defendants filed sepa-

1. Originally, two fair-housing organizations were included in the group of Plaintiffs: the Riverside Fair Housing Council and the Inland Mediation Board. The district court granted summary judgment against the organizational plaintiffs on the basis that the organizations lacked standing. The organization-

al plaintiffs do not appeal their dismissal from this action, so the district court's ruling remains undisturbed.

2. Those rulings are not challenged in this appeal.

rate motions against each family. As it happens, Plaintiffs' motion and Defendants' motions were filed on the same day.

Both Plaintiffs and Defendants submitted a substantial amount of deposition testimony in support of their respective motions. Their accompanying memoranda contained citations to specific places in the supporting documentation. The parties filed "Statements of Genuine Issues" and memoranda in opposition to each others' motions for summary judgment. Defendants submitted additional evidence in support of their opposition. They also made 145 evidentiary objections to Plaintiffs' evidence.[3]

Plaintiffs did not submit additional evidence in opposition to Defendants' motions for summary judgment. Instead, their opposing papers relied on the evidence that they had submitted in support of their motion for summary judgment. Plaintiffs' "Statement of Genuine Issues" contained seven specific citations to the evidence that they had submitted in support of their cross-motions; the individual families' memoranda in response to Defendants' separate motions for summary judgment contained additional, specific citations to that evidence. Plaintiffs' opposing papers also made many general references to their evidence.

The district court granted all of Defendants' motions for summary judgment. In its orders, the court stated:

Plaintiffs have not submitted any admissible evidence in opposition to the motion for summary judgment. Plaintiffs' opposition contains statements in their points and authorities of discriminatory behavior on the part of defendants. These recitations, however, merely repeat the unsworn factual allegations contained in their unverified complaint and are not supported by any admissible evidence.

The court declined to retain supplemental jurisdiction over the state-law claims. It then entered a separate order denying Plaintiffs' motion for summary judgment as moot and stating that the action was concluded in that court. After judgment was entered, Plaintiffs brought this timely appeal.

## STANDARD OF REVIEW

We review de novo a grant of summary judgment. *Harris v. Itzhaki,* 183 F.3d 1043, 1049 (9th Cir.1999).

## DISCUSSION

Plaintiffs raise only one assignment of error on appeal. They argue that the district court erred by failing to review the evidence that they had submitted in support of *their* motion for summary judgment as evidence in opposition to *Defendants'* motions for summary judgment. Plaintiffs seek a remand.

Federal Rule of Civil Procedure 56, which governs motions for summary judgment, is "arguably ambiguous" as to the scope of the record that the district court must review to determine whether summary judgment is appropriate. *Carmen v. S.F. Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir.2001). The rule is silent as to how the court must analyze simultaneous cross-motions for summary judgment. However, after a review of relevant commentaries and cases, we agree with Plaintiffs that the district court was required to review the evidence properly submitted in support of their motion to determine whether it presented a disputed issue of material fact precluding summary judgment in favor of Defendants.[4]

---

**3.** The district court made no express rulings on Defendants' evidentiary objections.

**4.** We need not, and do not, rule on the validity of Defendants' objections to Plaintiffs' evidence.

We cannot tell with certainty what evidence the district court considered before ruling on the summary judgment motions. Its statement that Plaintiffs submitted no admissible evidence in opposition to summary judgment, its denial of Plaintiffs' motion as moot, and its failure to rule on Defendants' objections to Plaintiffs' evidence suggest that the court may not have reviewed the evidence that Plaintiffs had submitted in support of their motion for summary judgment before ruling on Defendants' motions. Because our review of Plaintiffs' evidence suggests that at least some of Plaintiffs' evidence may be admissible and may suffice to create an issue of material fact on their FHA claim, we must decide whether the district court was required to consider such evidence.

██ Our conclusion that the court had to review the evidence submitted by Plaintiffs in support of their motion for summary judgment, and specifically identified in their moving papers, before ruling on Defendants' motions, is supported by two principles. First, we agree with the commentators that, when parties submit cross-motions for summary judgment, "[e]ach motion must be considered on its own merits." William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 499 (Feb. 1992); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720, at 335–36 (3d ed.1998) (stating: "The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard."). In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion. Accordingly, our conclusion that the district court was required to review the evidence that Plaintiffs had submitted in support of their

cross-motion imposes no *additional* burden upon the district court.

██ Second, we have held:

It is well-settled in this circuit and others that the filing of cross-motions for summary judgment, both parties asserting that there are no uncontested issues of material fact, does not vitiate the court's responsibility to determine whether disputed issues of material fact are present. A summary judgment cannot be granted if a genuine issue as to any material fact exists.

*United States v. Fred A. Arnold, Inc.*, 573 F.2d 605, 606 (9th Cir.1978); *see also* *Chevron USA, Inc. v. Cayetano*, 224 F.3d 1030, 1037 & n. 5 (9th Cir.2000) (acknowledging the district court's responsibility to analyze whether the record on cross-motions for summary judgment demonstrates the existence of genuine issues of material fact, even in those cases in which both parties believe that there are no material factual issues), *cert. denied*, —— U.S. ——, 121 S.Ct. 1403, 149 L.Ed.2d 346 (2001). If a district court has a duty to review the record supporting cross-motions for summary judgment to evaluate whether an issue of fact remains when the parties believe that there is no issue of material fact, then by analogy the court also has a duty to review that record when, as here, the parties do dispute the facts.

Defendants argue that two cases, *Carmen* and *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538 (9th Cir.1988), and a local rule of the district court limit the court's review to evidence adequately identified in the opposing papers to the one motion under consideration. We are not persuaded.

In both *Carmen* and *Nilsson*, we held that the district court has no obligation to search the entire case file for evidence that establishes a genuine issue of fact when

the nonmovant presents inadequate opposition to a motion for summary judgment. *Carmen,* 237 F.3d at 1029–31; *Nilsson,* 854 F.2d at 1545. We reasoned in *Carmen* that it would place an unmanageable burden on the district court to require a searching review of the record. *Carmen,* 237 F.3d at 1031. Those cases are distinguishable, because neither addressed the obligations of a court that is reviewing simultaneous cross-motions for summary judgment. As discussed above, the district court already has an independent duty to review each cross-motion and its supporting evidence. The danger presented in *Carmen* and *Nilsson* of burdening the district court with the additional, unmanageable task of sifting through the case record for old materials that neither party is bringing to the court's attention is absent in this context.

■ United States District Court—Central District of California Rule 7.14.3 provides:

> In determining any motion for summary judgment, the Court will assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the "Statement of Genuine Issues" and (b) controverted by declaration or other written evidence filed in opposition to the motion.

According to Defendants, this local rule means that the court need not consider the evidence submitted in support of Plaintiffs' cross-motion for summary judgment if that evidence is not *also* specifically identified in Plaintiffs' opposing papers. Although we have held that this rule relieved the district court of any obligation to "search through a voluminous record" for evidence of disputed facts, *Nilsson,* 854 F.2d at 1545, we decline to extend that holding to eliminate the court's duty, recognized in *Chevron* and *Arnold,* to review the evidence properly submitted in support of cross-motions for summary judgment to determine whether that evidence demonstrates a genuine issue of material fact. That is, a simultaneous cross-motion is another means to bring to the district court's attention a controversy over the facts. Perhaps a cautious lawyer would do both, but we will not read the rules to require it.

REVERSED and REMANDED.