GET OUTDOORS II, L.L.C., a
Nevada Limited Liability
Company, Plaintiff,

v.

CITY OF LEMON GROVE
CALIFORNIA,
Defendants.

No. CIV. 03CV1507WQHAJB.

United States District Court,
S.D. California.

July 14, 2005.

· E. Adam Webb, Webb and Porter, At-
lanta, GA, Patrick Rick Lund, The Law

Corporation of Patrick, Rick Lund, Newport Beach, CA, for Plaintiff Get Outdoors II, L.L.C.

Randal R. Morrison, Sabine and Morrison, San Diego, CA, for Defendant City of Lemon Grove California.

## ORDER RE: PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

HAYES, District Judge.

Plaintiff Get Outdoors II, L.L.C. ("Plaintiff" or "Get Outdoors") and Defendant City of Lemon Grove California ("Defendant" or "Lemon Grove") have each filed motions for summary judgment in this case. On February 3, 2005, the Court held a hearing on the parties' cross-motions. Thereafter, both parties filed numerous notices of subsequent legal authority, each of which the Court has considered. The Court now issues the following Order.

### I. *Introduction*

This case is one of several cases currently pending in this district involving challenges to sign ordinances and regulations limiting or prohibiting the construction and use of billboard signs enacted by local municipalities in San Diego County.[1] In this case, Plaintiff charges that Lemon Grove's sign ordinance, specifically Chapter 18.12 of the Lemon Grove Development Code, is unconstitutional and should be struck down in its entirety. Plaintiff applied to erect eight billboards in Lemon Grove and argues that "[b]ecause of the substantial constitutional defects contained in the Sign Ordinance, this Court should

exercise its equitable powers and order the City to allow Get Outdoors to erect its signs." *Plaintiff's Mem. of Points & Authorities in Support of Plaintiff's Motion for Summary Judgment ("Pl.Mot.")*, p. 1. For its part, Lemon Grove argues that its sign ordinance is constitutional under both Supreme Court and Ninth Circuit precedent. However, Lemon Grove urges the Court to grant summary judgment on the ground that Plaintiff's suit is now moot and that Plaintiff lacks standing.

On July 24, 2003, four days before this lawsuit was filed, Lemon Grove enacted urgency legislation and later enacted a permanent change to its sign ordinance. Significantly, Lemon Grove added (1) a "message substitution clause" that permits noncommercial speech on any sign currently displaying commercial speech in Lemon Grove; and (2) a time limitation for regulatory decision making.

The parties each now move for summary judgment (although, Plaintiff's motion leaves for trial the issue of damages). The Court has entertained extensive briefing on the issues and for the reasons set forth below grants Lemon Grove's motion for summary judgment and denies Plaintiff's motion for summary adjudication.

### II. *Factual Background*

Get outdoors seeks to post signs in Lemon Grove for the purpose of communicating commercial and noncommercial messages regarding products, services, ideas, candidates, issues, events, and other topics. Declaration of W. Benham, ¶ 3 (attached to Plaintiff's Lodgment in Support of its motion for preliminary injunction).[2]

[1]. The others are (1) *Get Outdoors II LLC v. City of Chula Vista,* Case No. 03cv1506 JAH (JMA); (2) *Get Outdoors LLC v. City of San Diego,* Case No. 03cv1436 WQH (AJB); and (3) *Get Outdoors LLC v. City of El Cajon,* Case No. 03cv1437 W(RBB).

[2]. The Court notes that in his first declaration, William Benham, declares that he is authorized to act on Plaintiff's behalf in all matters related to the company's effort to post signs in the City of *El Cajon,* California. W. Benham Decl., ¶¶ 2, 3. The Court assumes that Mr. Benham intended to refer to Plaintiff's efforts to post signs in Lemon Grove, California.

On June 5, 2003, Get Outdoors, through William Benham, presented to Lemon Grove applications for eight[3] new billboards. *Robert Larkins's Declaration,* ¶ 3. On July 3, 2003, Lemon Grove Community Development Director Robert Larkins sent letters to Get Outdoors informing Get Outdoors that its applications were incomplete and included copies of two forms for Get Outdoors to complete: (1) a Community Development application form and (2) an application for an environmental initial study. *Larkins's Decl.,* ¶ 5. According to Mr. Larkins, Lemon Grove has not received any supplemental information from Get Outdoors. *Larkins's Decl.,* ¶ 9.

On July 24, 2003, the Lemon Grove City Council adopted revisions to Chapter 18.12 of the Lemon Grove Development Code (sometimes referred to as the "sign ordinance"), as an urgency ordinance. The Lemon Grove City Council also adopted the same revisions by the standard method (i.e. introduction at one meeting, second reading at next meeting, effective date 30 days later). The new sign ordinance contains a "message substitution" provision that provides:

> Noncommercial copy may be substituted for any commercial copy on any sign which is allowed, either by permit or exemption, by this Chapter. Noncommercial copy of any kind may be substituted for any other type of noncommercial copy on any sign that is allowed by this Chapter, either by permit or exemption. Such substitution of message may be made without any additional approval or permitting. This provision prevails over any more specific provision to the contrary within this Chapter. The purpose of this provision is to prevent any inadvertent favoring of commercial speech over noncommercial speech, or favoring of any particular noncommercial message over any other commercial message. This provision does not create a right to increase the total amount of signage on a parcel, does not affect the requirement that a sign structure or mounting device be properly permitted, and does not override provisions in private leases.

*Lemon Grove Municipal Code,* 18.12.030.D. On July 28, 2003, Plaintiff filed its original complaint. On August 5, 2003, the Lemon Grove City Council approved a resolution setting policies for signs on city-owned property and approved on second reading the text for the new sign ordinance. On September 4, 2003, the new sign ordinance took effect. On September 9, 2003, Plaintiff filed a motion for a preliminary injunction. On October 15, 2003, this Court, per the Honorable M. James Lorenz, issued an Order denying Plaintiff's motion for a preliminary injunction.

### III. *Discussion*

Plaintiff moves for summary adjudication on the grounds that Lemon Grove was enforcing unconstitutional restrictions on signs at the time Plaintiff submitted eight sign applications and that Lemon Grove should be ordered to allow the signs to be posted. Plaintiff argues that it has standing to challenge Lemon Grove's sign ordinance based on the Supreme Court's decision in *Metromedia v. City of San Diego,* 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981). *Pl's Mot.,* p. 3. Lemon Grove also moves for summary judgment. Lemon Grove argues that it is entitled to sum-

---

**3.** Defendant's memorandum of points and authorities states that Get Outdoors submitted seven applications (Def's Mot, p. 4, in. 22), however, Mr. Larkins's declaration declares that Get Outdoors submitted eight applications. *Larkins Decl.,* ¶ 3. The Court relies on Mr. Larkins's declaration, and finds that Plaintiff submitted eight applications. Although the number of applications is not material to the resolution of the cross-motions.

mary judgment on grounds that (1) the case is moot because Lemon Grove enacted a new sign ordinance and the one Plaintiff applied under is no longer in effect; (2) a ban on new billboards is constitutional; (3) Plaintiff does not have vested rights under the prior sign ordinance; (4) Plaintiff's applications would have been rejected based on content neutral rules; and (5) Plaintiff lacks standing.

### A. *Legal Standard*

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute over a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The moving party may meet this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322–23, 106 S.Ct. 2548. If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.,*

398 U.S. 144, 159–60, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

If the moving party satisfies its initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *see also Anderson,* 477 U.S. at 252, 106 S.Ct. 2505 ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient."). Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56(e)) (internal quotations omitted).

In ruling on a motion for summary judgment, "[t]he district court may limit its review to the documents submitted for purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1030 (9th Cir.2001). Therefore, the court is not obligated to "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir.1996) (citing *Richards v. Combined Ins. Co.,* 55 F.3d 247, 251 (7th Cir.1995)). The court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348. "Credibility determinations [and] the weighing of evidence ... are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

When parties submit cross-motions for summary judgment on the same claim or

issue, each motion must be considered on its own merits and analyzed under Rule 56. *See Fair Housing Council of Riverside County, Inc. v. Riverside Two,* 249 F.3d 1132, 1136 (9th Cir.2001). The court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on the motions. *Id.* That both parties assert that no genuine issues of material fact exist does not vitiate the court's responsibility to determine whether disputed issues of material fact are present. *Id.* (*quoting United States v. Fred A. Arnold, Inc.,* 573 F.2d 605, 606 (9th Cir.1978)).

### B. *Mootness*

Before reaching the constitutional issues raised by Plaintiff, this Court must first resolve the justiciability issues raised by Lemon Grove, the first of which is whether Plaintiff's case is now moot. *See North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) (resolution of the question of mootness is essential if "federal courts are to function within their constitutional sphere of authority.") Lemon Grove argues that the instant case is moot because "[b]efore this suit was filed, the City adopted a new sign ordinance which bluntly restates the billboard ban and includes a 'message substitution' provision ... [t]he adoption of the new code, coupled with Plaintiff's failure to apply under the new sign ordinance, moots the entire case." *Defendant's Memorandum of Points & Authorities In Support of its Motion for Summary Judgment ("Def's Mot."),* p. 2. Plaintiff opposes Lemon Grove's motion and argues that "[t]he City cannot establish mootness because it remains free to enforce unlawful restrictions on signs that remain virtually unchanged from those under which Get Outdoors applied to erect signs." *Pl. Mot.,* p. 1.

"Mootness is like standing, in that if it turns out that resolution of the issue presented cannot really affect the plaintiff's rights, there is, generally speaking, no case or controversy for the courts to adjudicate; no real relief can be awarded." *Smith v. University of Washington, Law School,* 233 F.3d 1188, 1193 (9th Cir. 2000). An action is moot where the issues presented are no longer "live" or when the parties lack a cognizable interest in the outcome. *Jacobus v. Alaska,* 338 F.3d 1095, 1102 (9th Cir.2003). For instance, in many cases a case becomes moot when a challenged law is repealed or expires. *See Burke v. Barnes,* 479 U.S. 361, 363, 107 S.Ct. 734, 93 L.Ed.2d 732 (1987) (bill expired during pendency of appeal, rendering moot the question of whether the president's pocket veto prevented it from becoming law); *Diffenderfer v. Central Baptist Church,* 404 U.S. 412, 414, 92 S.Ct. 574, 30 L.Ed.2d 567 (1972) (challenged law was repealed while case was on appeal, rendering the case moot); *Princeton University v. Schmid,* 455 U.S. 100, 103, 102 S.Ct. 867, 70 L.Ed.2d 855 (1982) (case mooted by substantial amendment of challenged regulations). There are exceptions to the mootness doctrine. For example, where the defendant's conduct is a wrong "capable of repetition, yet evading review," or when the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time. *Native Village of Noatak v. Blatchford,* 38 F.3d 1505, 1509 (9th Cir.1994).

### 1. *Amendment or Repeal of Ordinance By Local Government*

Lemon Grove argues that its amendment of the sign ordinance moots Plaintiff's challenge because Plaintiff has not filed an application under the new sign ordinance. Further, Lemon Grove argues that the Court must presume Lemon Grove's good faith in amending its sign

ordinance because it is a governmental entity, not a private actor, and that the voluntary cessation doctrine does not apply to a government's action to amend or repeal its ordinances. In support of this argument, Lemon Grove cites to the Ninth Circuit's decision in *Noatak*. There, the plaintiffs challenged the regulatory expansion of a revenue-sharing program. *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1508 (9th Cir.1994). Plaintiffs filed suit seeking declaratory and injunctive relief. *Id.* The Ninth Circuit found that the case was moot because the statute pursuant to which the challenged regulations were promulgated had been repealed. *Id.* at 1509–11. In reaching its decision, the Ninth Circuit held that the matter did not fall within the "capable of repetition yet evading review" exception because there was no reasonable expectation that the alleged injury would recur because the relevant statute had been repealed preventing the Commissioner from promulgating or enforcing regulations under the prior statute *Id.* at 1510.

Second, the court held that plaintiffs had not shown that their injury was of the type that was likely always to become moot prior to review. *Id.* The Ninth Circuit further held that the voluntary cessation exception to mootness did not apply because "*[a] statutory change ... is usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed.*" *Id.*[emphasis added] The court noted that "exceptions to this general line of holdings are rare and typically involve situations where it is virtually certain that the repealed law will be reenacted." *Id.* at 1510–11. The court held that the plaintiffs' fear of possible future injury from the state's retention of an allegedly discriminatory policy did not constitute a reasonable expectation that the same injury would occur. *Id.*

In addition to *Noatak*, other court decisions have found challenges to legislation moot following a repeal or amendment of the legislation by the relevant legislative body. For instance, in *Diffenderfer v. Central Baptist Church*, the Supreme Court held that an action for declaratory judgment that a particular Florida state statute relating to taxation of church property was unconstitutional (as applied to a specific church parking lot in Miami) was moot due to the repeal of the alleged offending statute by the legislature. *Diffenderfer v. Central Baptist Church*, 404 U.S. 412, 413–14, 92 S.Ct. 574, 30 L.Ed.2d 567 (1972). The Court further held that case did not meet the criteria for the "capable of repetition, yet evading review" exception to the mootness doctrine. *Id.* at 414, 92 S.Ct. 574.

In addition, in *Lewis v. Continental Bank Corp.*, the Supreme Court addressed a declaratory relief action brought by an Illinois bank holding company challenging Florida statutes that prohibited non-Florida holding companies from operating industrial savings banks. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 474, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). Following the filing of plaintiff's suit, Congress amended the Bank Holding Company Act ("the Act"). *Id.* at 474–76, 110 S.Ct. 1249. The changes to the Act permitted states to discriminate against certain out-of-state banks. *Id.* at 474, 110 S.Ct. 1249. Further, the amendments to the Act broadened the definition of the term "bank," thus bringing the plaintiff within the reach of the Act. Accordingly, the Court found that the amendment in the Act mooted the case. *Id.* at 474, 110 S.Ct. 1249.

In *Princeton University v. Schmid*, the Supreme Court addressed a challenge to a university's regulations regarding speech on its campus. *Princeton University v. Schmid*, 455 U.S. 100, 102 S.Ct. 867, 70

L.Ed.2d 855 (1982). The Appellee, Schmid, was arrested and charged with criminal trespass while distributing political materials on the campus of Princeton University. *Id.* at 101, 102 S.Ct. 867. Under University regulations then in effect, members of the public who wished to distribute political materials on campus were required to obtain permission from University officials. *Id.* Schmid did not have the necessary permission at the time he distributed materials. *Id.* Schmid was tried in municipal court and convicted of criminal trespass. *Id.* Later, a *de novo* trial was held in the New Jersey Superior Court, Law Division, that also resulted in conviction. *Id.* Schmid appealed to the New Jersey Supreme Court, and Princeton University intervened in the appeal. *Id.* The New Jersey Supreme Court reversed the judgment of conviction. *Id.* Princeton appealed to the United States Supreme Court. *Id.* at 102, 102 S.Ct. 867. The Supreme Court held that the case was moot because while the case was pending on appeal, Princeton substantially amended its regulations governing solicitation, distribution of literature, and similar activities on University property by those not affiliated with the school. *Id.* at 103, 102 S.Ct. 867. Because the regulation was no longer in force, the Court held that the case had " 'lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law.' " *Id.* at 103,

102 S.Ct. 867 (*citing Hall v. Beals*, 396 U.S. 45, 48, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969)).

In cases where there is evidence that the repeal or modification of an ordinance by a governmental entity was not genuine, the Supreme Court has refused to hold the case moot. For instance, in *City of Mesquite v. Aladdin's Castle,* though the City of Mesquite had repealed the challenged ordinance, the Court declined to find the case moot because the city had announced to the Court its intention to re-enact the challenged provision if the case was dismissed. *City of Mesquite v. Aladdin's Castle,* 455 U.S. 283, 289 n. 11, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982).[4] Similarly, repeal of a statute does not moot a case where a city has already replaced a repealed ordinance with one that is substantially similar. *Northeastern Florida Chapter of the Assoc. General Contractors of America v. City of Jacksonville,* 508 U.S. 656, 662, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993).

## 2. *Application to Lemon Grove's Actions*

■ The Court finds that the enactment of the new sign ordinance by Lemon Grove moots the instant case. As discussed above, the action by a governmental body to repeal, modify or otherwise alter legislation will ordinarily moot a challenge to that legislation in federal court, *See Lewis v.*

---

**4.** The Court notes that some language in the *Aladdin's Castle* majority opinion may suggest that mere repeal of a challenged statute does not moot a case. However, the Supreme Court later endorsed dismissal on the basis of mootness following the amendment or repeal of legislation by a government entity, *See Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 474, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). Further, the Supreme Court did not specifically overrule earlier authority finding mootness in similar situations. *See Princeton Univ. v. Schmid,* 455 U.S. 100, 103, 102 S.Ct. 867, 70 L.Ed.2d

855 (1982); *Diffenderfer v. Cent. Baptist Church, Inc.,* 404 U.S. 412, 415, 92 S.Ct. 574, 30 L.Ed.2d 567 (1972). Based on this authority, this Court finds the language in *Aladdin's Castle,* to the extent it suggests repeal of a challenged statute does not moot a case, dicta and not controlling. *See Federation of Advertising Industry Representatives, Inc. v. City of Chicago,* 326 F.3d 924, 930 n. 5 (7th Cir.2003) (holding that language in *Aladdin's Castle* suggesting repeal of challenged statute does not moot a case to be dicta and non-controlling.).

*Cont'l Bank Corp.,* 494 U.S. 472, 474, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990); *Princeton Univ. v. Schmid,* 455 U.S. 100, 103, 102 S.Ct. 867, 70 L.Ed.2d 855 (1982); *Diffenderfer v. Cent. Baptist Church, Inc.,* 404 U.S. 412, 415, 92 S.Ct. 574, 30 L.Ed.2d 567 (1972). Only where a repeal or amendment is part of a bad faith attempt by the government to avoid judicial review or where the government has enacted a substantially similar law will mootness be avoided. See *City of Mesquite v. Aladdin's Castle,* 455 U.S. 283, 289 n. 11, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982); *Northeastern Florida Chapter of the Assoc. General Contractors of America v. City of Jacksonville,* 508 U.S. 656, 662, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993). Here, Defendant has not presented any compelling evidence that Lemon Grove's enactment of the new sign ordinance was taken in bad faith or an attempt to avoid judicial review of its ordinance.[5] The Court does not believe it is appropriate, in the absence of evidence to the contrary, to second guess the motives of a legislative body in amending or modifying an ordinance that may represent an effort to correct potential constitutional deficiencies in that particular law. Moreover, unlike the facts in *Aladdin's Castle,* Plaintiff has not presented any evidence that Lemon Grove intends to re-enact its prior sign ordinance if this case is dismissed.

Finally, relying on the Supreme Court's opinion in *Northeastern Florida,* Plaintiff argues that Lemon Grove's new sign ordinance is substantially similar to the former ordinance and that this Court should therefore not dismiss this case on mootness grounds. Plaintiff argues that Lem-

on Grove has merely "tweaked its original Sign Ordinance" and that new ordinance does not differ from the former in any significant respect. *Pl's Opp. Br.,* p. 11. The Court disagrees. While both the former and the current sign ordinances regulate billboards in Lemon Grove, including size and height restrictions, the new sign ordinance departs from the former ordinance in a critical way: the inclusion of a message substitution clause. The message substitution clause in the new ordinance dramatically alters the regulation of noncommercial speech on billboards in Lemon Grove. In particular, the message substitution clause allows for the substitution of noncommercial copy on any sign without additional permitting. The Court concludes that the inclusion of the message substitution clause in the current ordinance prevents the application of the *Northeastern Florida* exception to mootness. Moreover, in its moving papers, Plaintiff argues that its challenge is to the "regulations on their face as they exist at the time the constitutional harm occurred ..." *Pl's Mem. in Supp. of MSJ,* p. 6. That ordinance is no longer in effect and this action is now moot.

### C. *Vesting Rights*

Plaintiff contends that this case is not moot because it suffered damages and has certain rights under the prior ordinance. Lemon Grove argues that Plaintiff lacks any rights under the prior ordinance because such rights are controlled by California law and that law grants rights only upon substantial actual construction in reliance on a validly issued permit. *Def. Mot.,*

---

5. The Court notes that Plaintiff suggests that Lemon Grove's actions are part of a pattern of activity taken by clients of Mr. Morrison, counsel for Lemon Grove, to avoid judicial challenges to local sign ordinances. *Pl's Opp. Br.,* pp. 13 ("In addition to the passage of an urgency ordinance in the present case, Mr.

Morrison has overseen the utilization of this strategy in at least four other cases involving sign ordinances."). The important issue, however, is Lemon Grove's actions in this case—not those of other cities in separate cases. Accordingly, the Court gives little weight to this argument.

p. 2. The Court concludes that Plaintiff lacks any vested rights under the prior ordinance and therefore the prior applications do not prevent a finding of mootness.

 Property rights are determined by state law. *Lakeview Dev. v. City of South Lake Tahoe,* 915 F.2d 1290, 1294 (9th Cir.1990) (noting that "the 'vested rights' doctrine traditionally has been treated as a doctrine of state law and that the doctrine has evolved in the state courts"). In California, a party has a vested right in a permit only once the permit is issued and the party has performed substantial work and incurred substantial expense in reliance on the permit. *Avco Cmty. Developers. Inc. v. South Coast Reg'l Comm'n,* 17 Cal.3d 785, 791, 132 Cal.Rptr. 386, 553 P.2d 546 (1976); *Davidson v. County of San Diego,* 49 Cal. App.4th 639, 646, 56 Cal.Rptr.2d 617 (1996).

Here, the evidence is undisputed that Plaintiff never received a permit from Lemon Grove for any of its eight applications. Further, there is no evidence that Plaintiff incurred substantial expense and performed substantial work in reliance on any such *permit.* Accordingly, Get Outdoors does not have any vested rights under the previous sign ordinance or its applications under that ordinance. Therefore, Plaintiff lacks any vested rights that would prevent this matter from becoming moot.

Moreover, to the extent Plaintiff attempts to avoid mootness by claiming damages under the prior sign ordinance the Supreme Court has held that,

> Where on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary judicial pronouncements on even constitutional issues ob-

tained, solely in order to obtain reimbursements of sunk costs.

*Lewis v. Continental Bank Corp.,* 494 U.S. 472, 480, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). The basic dispute over the prior sign ordinance is no longer live and the Court finds Plaintiff's claims of damages under that ordinance do not prevent a finding of mootness in this case.

### D. *The Remaining Issues In the Parties' Briefs*

In addition to the issue of mootness, the parties' briefs discuss at length Plaintiff's standing, whether either the current or former sign ordinance are (or were) constitutional, and whether Plaintiff's applications violated height and size restrictions of the former ordinance. However, as this Court has determined that a live controversy no longer exists and that the case is now moot, the Court does not reach the issue of Plaintiff's standing or whether Lemon Groves' current or former sign ordinance is constitutional. *See Firefighters Local Union 1784 v. Stotts,* 467 U.S. 561, 597, 104 S.Ct. 2576, 81 L.Ed.2d 483 (1984) (Blackmun, J., dissenting) (a central purpose of mootness doctrine is to avoid an unnecessary ruling on the merits).

### III. *Conclusion*

Having reviewed the papers submitted, the arguments of the parties at oral argument, the evidence submitted and the relevant law **IT IS HEREBY ORDERED** that (1) Plaintiff's motion for summary adjudication is **DENIED;** and (2) Defendant's motion for summary judgment is **GRANTED.** The Clerk of the Court shall enter judgment in accordance with this Order.

**IT IS SO ORDERED.**