Per Curiam.
*1526 In the District Court, petitioners challenged a New York City rule regarding the transport of firearms. Petitioners claimed that the rule violated the Second Amendment. Petitioners sought declaratory and injunctive relief against enforcement of the rule insofar as the rule prevented their transport of firearms to a second home or shooting range outside of the city. The District Court and the Court of Appeals rejected petitioners' claim. See 883 F.3d 45 (C.A.2 2018). We granted certiorari. 586 U.S. ----, 139 S.Ct. 939, 203 L.Ed.2d 130 (2019). After we granted certiorari, the State of New York amended its firearm licensing statute, and the City amended the rule so that petitioners may now transport firearms to a second home or shooting range outside of the city, which is the precise relief that petitioners requested in the prayer for relief in their complaint. App. 48. Petitioners' claim for declaratory and injunctive relief with respect to the City's old rule is therefore moot. Petitioners now argue, however, that the new rule may still infringe their rights. In particular, petitioners claim that they may not be allowed to stop for coffee, gas, food, or restroom breaks on the way to their second homes or shooting ranges outside of the city. The City responds that those routine stops are entirely permissible under the new rule. We do not here decide that dispute about the new rule; as we stated in Lewis v. Continental Bank Corp. , 494 U.S. 472, 482-483, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) :
"Our ordinary practice in disposing of a case that has become moot on appeal is to vacate the judgment with directions to dismiss. See, e.g., Deakins v. Monaghan , 484 U.S. [193] at 204 [108 S.Ct. 523, 98 L.Ed.2d 529 (1988) ] ; United States v. Munsingwear, Inc. , 340 U.S. 36, 39-40 [71 S.Ct. 104, 95 L.Ed. 36] (1950). However, in instances where the mootness is attributable to a change in the legal framework governing the case, and where the plaintiff may have some residual claim under the new framework that was understandably not asserted previously, our practice is to vacate the judgment and remand for further proceedings in which the parties may, if necessary, amend their pleadings or develop the record more fully. See Diffenderfer v. Central Baptist Church of Miami, Inc. , 404 U.S. 412, 415 [92 S.Ct. 574, 30 L.Ed.2d 567] (1972)."
Petitioners also argue that, even though they have not previously asked for damages with respect to the City's old rule, they still could do so in this lawsuit. Petitioners did not seek damages in their complaint; indeed, the possibility of a damages claim was not raised until well into the litigation in this Court. The City argues that it is too late for petitioners to now add a claim for damages. On remand, the Court of Appeals and the District Court *1527 may consider whether petitioners may still add a claim for damages in this lawsuit with respect to New York City's old rule. The judgment of the Court of Appeals is vacated, and the case is remanded for such proceedings as are appropriate.
It is so ordered.