**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1186
_____

MICHAEL THULEN, JR.; MICHAEL PORTER; TERENCE GAUDLIP

v.

AMERICAN FEDERATION OF STATE COUNTY AND
MUNICIPAL EMPLOYEES NEW JERSEY COUNCIL 63;
AMERICAN FEDERATION OF STATE COUNTY AND
MUNICIPAL EMPLOYEES AFL CIO;
AMERICAN FEDERATION OF STATE COUNTY AND
MUNICIPAL EMPLOYEES AFL-CIO LOCAL 3790;
TOWNSHIP OF LAKEWOOD;
PHIL MURPHY, in his official capacity as Governor of New Jersey;
GURBIR GREWAL, in his official capacity as Attorney General of New Jersey;
JOEL M. WEISBLATT; PAUL BOUDREAU; PAULA B. VOOS;
JOHN BONANNI; DAVID JONES, in their official capacities as
members of the New Jersey Public Employment Relations Commission

Michael Thulen, Jr. and Terence Gaudlip,
Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-18-cv-14584)
District Judge: Honorable Renée M. Bumb
_____

Submitted Under Third Circuit L.A.R. 34.1(a):
September 22, 2020
_____

Before: AMBRO, PORTER, and ROTH,
*Circuit Judges*.

_____

OPINION*

_____

PORTER, *Circuit Judge*.

Michael Thulen and Terence Gaudlip[1] raised First Amendment challenges to a New Jersey law, the Workplace Democracy Enhancement Act ("WDEA"). They alleged that the WDEA permitted the national, state, and local affiliates of their union, the American Federation of State, County, and Municipal Employees, AFL-CIO, ("AFSCME"), and certain New Jersey officials—the Governor, the Attorney General, and members of the New Jersey Public Employment Relations Commission, all in their official capacities—to prohibit them from resigning from AFSCME and from revoking their dues authorizations outside a ten-day window. Because Thulen and Gaudlip lack standing to seek prospective relief or monetary damages, we will affirm the District Court's order dismissing the case.

**I**[2]

Thulen and Gaudlip worked as building inspectors for the Township of Lakewood. While doing so, Thulen and Gaudlip were members of AFSCME. In 2018, New Jersey

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] A third plaintiff, Michael Porter, joined Thulen and Gaudlip in filing the complaint; he withdrew as a party on appeal.

[2] Because AFSCME and the New Jersey officials challenge Thulen and Gaudlip's standing through a factual attack, we may look beyond the pleadings and weigh evidence.

passed the WDEA. In relevant part, the WDEA's revocation provision permitted union members to withdraw their union-dues authorizations only "by providing written notice to their public employer during the 10 days following each anniversary date of their employment." N.J. Stat. § 52:14-15.9e. The withdrawal would take effect "on the 30th day after the anniversary date of employment." *Id.*

In October 2018, Thulen and Gaudlip filed their first complaint, alleging that they had a constitutional right to resign from the union and that their dues-authorization forms were invalid under the Supreme Court's decision in *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018).

On March 4, 2019, Thulen and Gaudlip filed an amended complaint. They raised new allegations that they "desired to cease providing financial contributions to their union" when they filed their original complaint in October 2018. App. 42. They claimed that they could not act on their desire because of the WDEA's provisions. They further alleged that "neither the Township of Lakewood nor [AFSCME] [had] taken any steps to cease payroll deductions from [them] despite their desire to no longer have union dues removed from their paychecks." *Id.*

Despite these new allegations, one week before, on February 28, 2019, Gaudlip revoked his dues authorization and resigned from AFSCME. He did so within the WDEA's ten-day window. Accordingly, the last day that AFSCME took dues from

---

*See Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014); *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982).

3

Gaudlip's paycheck was on February 22, 2019. And shortly after filing the amended complaint, in April 2019, Thulen resigned from his position with the Town of Lakewood.

AFSCME and the New Jersey officials moved to dismiss the complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). The District Court did not address the jurisdictional issue and dismissed Thulen and Gaudlip's complaint for failure to state a claim.[3] Thulen and Gaudlip timely appealed.

## II[4]

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the Constitution vests us with the judicial power, but only for cases and controversies. *See* U.S. Const. art. III §§ 1, 2. "[A]n essential and unchanging part" of the case-or-controversy requirement is standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). And "the irreducible constitutional minimum of standing" has three elements: (1) the plaintiff must have suffered an injury in fact; (2) there must be a causal connection between the injury and the defendant's

---

[3] The District Court "agree[d]" with the defendants that it "lack[ed] subject[-]matter jurisdiction over" the case "because the Amended Complaint fail[ed] to state a valid claim for relief." App. 14–15. But, by dismissing the case on the merits, the District Court exercised its putative subject-matter jurisdiction under 28 U.S.C. § 1331 because Thulen and Gaudlip raised federal constitutional claims.

[4] The District Court had putative subject-matter jurisdiction under 28 U.S.C. § 1331. "We have jurisdiction to review our own jurisdiction when it is in doubt[.]" *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 222 (3d Cir. 2007) (citation omitted).

We review de novo the District Court's dismissal of a complaint under Rules 12(b)(1) and 12(b)(6). *See Aichele*, 757 F.3d at 356 n.12 (Rule 12(b)(1) and standing issues); *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (Rule 12(b)(6)).

4

complained-of conduct; and (3) the injury must be redressable by a favorable decision. *Id.* at 560–61.

This appeal primarily concerns the injury-in-fact requirement, which is "first and foremost" among "standing's three elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citation omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560).

Because they seek to invoke federal jurisdiction, Thulen and Gaudlip bear "the burden to establish standing." *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Liab. Litig.*, 903 F.3d 278, 284 (3d Cir. 2018) (citation omitted). Their burden extends to "*each* type of relief sought." *Id.* (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). And their burden "subsists through all stages" of the case, including on appeal. *Khodara Envtl., Inc. ex rel. Eagle Envtl. L.P. v. Beckman*, 237 F.3d 186, 193 (3d Cir. 2001) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).

**A**

We first consider whether Thulen and Gaudlip have standing to seek prospective relief. In particular, they wanted to enjoin AFSCME "from collecting any dues or fees" from them without their consent and to enjoin the New Jersey officials from enforcing the WDEA. App. 44. They also sought declarations that union members have "a

5

constitutional right . . . to resign from a union at any time[,]" and that the WDEA's

revocation provision "is void and unenforceable." *Id.*

Thulen and Gaudlip are not currently members of AFSCME, so they lack standing

to seek relief from a *future* harm of dues withdrawal from their paychecks. Even if it

were *possible* that they would rejoin the union (and, in Thulen's case, be rehired) and that

AFSCME would withdraw union dues over their objection, that claimed injury is

speculative. *See, e.g.*, *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013) (a

"speculative chain of possibilities does not establish" Article III injury in fact). Because

any future harm that Thulen and Gaudlip face is merely "conjectural or hypothetical,"

they lack standing to pursue their requested prospective relief. *Lujan*, 504 U.S. at 560

(internal quotation marks omitted).[5]

**B**

We next consider whether Thulen and Gaudlip have standing to seek monetary

damages. Thulen and Gaudlip's amended complaint included a catch-all provision

requesting "all other relief that the [District] Court deems just, proper, and equitable."

App. 44. Thulen and Gaudlip did not properly request monetary damages. And, even if

they had, they lack standing to pursue retrospective relief.

The Supreme Court recently found that the failure to expressly seek damages

forecloses that relief. In *New York State Rifle and Pistol Association, Inc. v. City of New*

---

[5] What's more, their actions mooted their request for prospective relief because "it is impossible for [us] to grant any effectual [prospective] relief whatever" to them if they were to prevail on the merits. *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks and citation omitted).

*York*, the Supreme Court explained that "Petitioners did not seek damages in their complaint[,]" 140 S. Ct. 1525, 1526 (2020) (per curiam), even though the complaint included a general request for "any other such further relief as the court deems just and proper," *id.* at 1535 (Alito, J., dissenting). So too here. Thulen and Gaudlip's failure to expressly seek monetary damages—even nominal damages—dooms their putative request for damages relief.

Yet, even if their catch-all request for relief were enough, Thulen and Gaudlip would lack standing to pursue monetary relief because they did not allege a past injury arising from the WDEA.[6] Thulen and Gaudlip's amended complaint does not allege that they "tried to withdraw [their dues authorizations] and had a request denied." App. 15. Thus, based on their allegations, they were never harmed by the WDEA's revocation provision.

Nevertheless, Thulen and Gaudlip contend that, by filing their complaint, they "gave notice to all defendants of [their] intent to leave the union and their objection to any further dues deductions." Appellant's Br. 5; *see id.* 18–21. So, the argument goes, they suffered a past economic harm between October 2018 and February 2019 (for Gaudlip) and April 2019 (for Thulen). In support, they rely on several objection-by-lawsuit cases in the First Amendment context.

---

[6] And, even if they had alleged a past injury, any claims of damages against the New Jersey officials in their official capacity are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

7

The cases that Thulen and Gaudlip rely on do not support the notion that filing a lawsuit *without more* is sufficient to put a party on notice of their objections to the WDEA. Rather, the plaintiffs in those cases had specifically alleged that they objected to a union's use of their funds for political purposes. *See Brotherhood of Ry. & S.S. Clerks, Freight Handlers, Express & Station Emps. v. Allen*, 373 U.S. 113, 118 (1963) (explaining that the amended complaint "allege[d] that sums exacted" from their paychecks were used for political purposes the employees opposed); *Int'l Ass'n of Machinists v. Street*, 367 U.S. 740, 750 (1961) ("Each named appellee in this action has made known to the union representing his craft of class his dissent from the use of his money for political causes which he opposes.").[7] For an objection-by-lawsuit to be effective, an employee's objection "must affirmatively be made known to the union." *Allen*, 373 U.S. at 119 (citation omitted).

Here, Thulen and Gaudlip's allegations failed to put AFSCME on notice that, by filing their complaint, they wanted to revoke their dues authorizations outside the window prescribed by the WDEA. They merely alleged that they "*desired* to cease providing financial contributions." App. 42 (emphasis added). That is not enough. The

---

[7] Thulen and Gaudlip's reliance on three other cases is also misplaced. First, *Air Line Pilots Association v. Miller*, 523 U.S. 866 (1998), involved a union's requirement of exhaustion of remedies. The Article III injury-in-fact requirement that a party be harmed is not an exhaustion-of-remedies requirement. Second, *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977), was expressly overruled by *Janus*. *See Janus*, 138 S. Ct. at 2483. Third, in *Otto v. Pennsylvania State Education Association-NEA*, we found that inadequate procedures precluded union members from making a contemporaneous objection to union action. 330 F.3d 125, 130 (3d Cir. 2003). All three cases are distinguishable from Thulen and Gaudlip's case.

allegation does not show that they intended to act on that desire at the time they filed the complaint or at any other time. Indeed, several months after filing their complaint, Thulen and Gaudlip acted on that desire. For this reason, filing their lawsuit—absent a more specific allegation—does not on its own force show that Thulen and Gaudlip suffered a past harm. In short, they have failed to carry their burden to establish an injury in fact and therefore lack standing to sue for monetary damages.

*     *     *

Thulen and Gaudlip lack standing to seek prospective relief or monetary damages. We will affirm the District Court's order dismissing the case.