20-2565-cv
*36 Apartment Assocs. v. Cuomo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand twenty-one.

PRESENT:   DENNIS JACOBS,
           DENNY CHIN,
           WILLIAM J. NARDINI,
                *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


36 APARTMENT ASSOCIATES, LLC, ELMSFORD
APARTMENT ASSOCIATES, LLC, 66
APARTMENT ASSOCIATES, JV,
                *Plaintiffs-Appellants,*


           -v-                                    20-2565-cv


ANDREW CUOMO, AS GOVERNOR OF THE
STATE OF NEW YORK,
                *Defendant-Appellee.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFFS-APPELLANTS:      MARK A. GUTERMAN, Lehrman, Lehrman &
                                Guterman, LLP, White Plains, New York.

FOR DEFENDANT-APPELLEE:     LINDA FANG, Assistant Solicitor General
(Steven C. Wu, Deputy Solicitor General, and
Barbara D. Underwood, Solicitor General, *on the brief*), for Letitia James, Attorney General of the State of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Plaintiffs-appellants -- three residential landlords ("plaintiffs") -- appeal the district court's judgment, entered June 29, 2020, denying their motion for summary judgment and granting defendant-appellee Governor Andrew Cuomo's motion for summary judgment. Plaintiffs sought injunctive relief against Governor Cuomo's Executive Order 202.28, N.Y. Comp. Codes R. & Regs. tit. 9, § 8.202.28 (2020) ("EO 202.28"), issued May 7, 2020, alleging that the order's eviction moratorium and security deposit provisions violated their constitutional rights. The district court granted summary judgment in favor of Governor Cuomo, and this appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In response to our order, entered May 7, 2021, the parties submitted letter briefs on the issue of whether any part of this appeal had been rendered moot or

2

otherwise non-justiciable because of subsequent legislative or executive action. The Government submitted a post-argument letter brief on June 28, 2021, addressing further developments bearing on mootness, to which the plaintiffs submitted a reply on June 29, 2021.

### A.    Eviction moratorium provision

EO 202.28 prohibited the commencement of eviction proceedings against tenants for nonpayment of rent when those tenants faced financial hardship due to the COVID-19 pandemic.  N.Y. Comp. Codes R. & Regs. tit. 9, § 8.202.28 (2020).  The prohibition ran for 60 days, starting June 20, 2020, and expiring on August 19, 2020 -- after the district court's decision, but before this case was heard on appeal.  The New York legislature, meanwhile, enacted its own prohibitions on eviction proceedings, including the COVID-19 Emergency Eviction and Foreclosure Prevention Act, 2020 N.Y. Sess. Laws ch. 381 (S. 9114), and the subsequent extension of the Act by Senate Bill S6362A, signed by the Governor on May 5, 2021.

Plaintiffs acknowledge in their letter brief that "[t]he specific effects of the Executive Order have been superceded by subsequent legislation," but they nonetheless argue that their challenges to the Executive Order should be heard on the merits.  Dkt. No. 66 at 1-2.  We disagree.

"Article III's case-or-controversy requirement subsists through all stages of federal judicial proceedings.  It is not enough that a dispute was very much alive when

3

suit was filed." *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 461 (2007) (internal quotation marks, ellipsis, and brackets omitted). Here, the eviction moratorium provision of EO 202.28 expired in August 2020 and it has not been extended or reimposed. While the state legislature has enacted eviction moratorium provisions, they are different in material respects from the provision in EO 202.28 that is being challenged in this litigation. Moreover, at oral argument plaintiffs apparently abandoned their claim for nominal damages, which might otherwise have prevented their appeal from being mooted. *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801-02 (2021) (holding that, even when a challenged policy has been discontinued, a plaintiff who seeks nominal damages for a completed violation of a legal right can satisfy the redressability element of standing); *N.Y. State Rifle & Pistol Assoc., Inc. v. City of New York*, 140 S. Ct. 1525, 1526-27 (2020) (declining to allow plaintiffs to avoid mootness by adding a damages claim). Hence, this challenge is moot.

Plaintiffs contend that their eviction moratorium claims are not moot because the Governor may engage in "improper acts" again in the future. Dkt. No. 66 at 1. When a challenged regulation expires during litigation, "that does not necessarily moot the case" when the plaintiffs can show that they "remain under a constant threat that government officials will use their power to reinstate the challenged restrictions." *Tandon v. Newsom*, 141 S. Ct. 1294, 1297 (2021) (internal quotation marks omitted). But this is not a case where the challenged restrictions were voluntarily withdrawn or

4

altered during litigation. *See, e.g., Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 68-69 (2020) (holding that challenge to executive order restricting attendance at religious services in "red" and "orange" zones was not moot simply because subsequent executive order reclassified the areas as "yellow"). They expired by their own terms, and in the circumstances presented, including the intervening passage of legislation, we are not persuaded that there is "a reasonable expectation of recurrence." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 120 (2d Cir. 2001).

## B. Security deposit provision

As the Governor notes, EO 202.28 expired on June 25, 2021, and has not been renewed. *See* Exec. Order No. 202.109, 9 N.Y.C.R.R. § 8.202.109 (2021) (extending disaster emergency through June 24, 2021); *see also* Exec. Order No. 210, 9 N.Y.C.R.R. § 8.210 (2021) (rescinding Executive Orders 202 through 202.111). Because plaintiffs seek only an injunction against enforcement of that provision, its rescission provided plaintiffs with their requested relief. *See N.Y. State Rifle & Pistol Assoc.*, 140 S. Ct. at 1526. The claims relating to the security deposit provision of EO 202.28 are therefore also moot, unless plaintiffs can demonstrate that they "remain under a constant threat that government officials will use their power to reinstate the challenged restrictions." *Tandon*, 141 S. Ct. at 1297 (internal quotation marks omitted).

EO 202.28 was enacted as part of a statewide response to the COVID-19 crisis. We are not persuaded that the circumstances under which the security deposit

provision might be reinstated are sufficiently likely to reoccur such that plaintiffs "remain under a constant threat," *id.*, of reinstatement. Accordingly, plaintiffs' challenge to the security deposit provision is also moot.

* * *

We have considered plaintiffs' remaining arguments and conclude they are without merit. Accordingly, we **DISMISS** the appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6