22-517-cv
Farrell, et al. v. Hochul, et. al. and Adams, Chokshi, et. al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty-three.**

**PRESENT:**
> **RICHARD C. WESLEY,**
> **MICHAEL H. PARK,**
> **BETH ROBINSON,**
> > *Circuit Judges.*

_____

**Marie Farrell, individually, and all others similarly situated and on behalf of E.F., a student of New York City, and all others similarly situated, Patrick Donohue, individually, and all others similarly situated, and on behalf of S.J.D., a student with disabilities, and all others similarly situated, Angela Nolan, individually, and all others similarly situated and on behalf of S.N., a student with disabilities in New York State, and all others similarly situated,**

> *Plaintiffs-Appellants*,

> **v.**                                                    **22-517**

**Kathleen Hochul, in her official capacity as Governor of New York, Eric Adams, in his official capacity as the Mayor of New York City, Howard Zucker, in his official capacity as the New York State Commissioner of Health, Betty Rosa, in her official capacity as the New York State Commissioner of Education, Lester**

**Young, Jr., New York State Board of Regents, Meisha Porter, in her official capacity as the Chancellor of New York City Department of Education, Dave Chokshi, in his official capacity as Commissioner of New York City Department of Health, New York Department of Health, New York Department of Education, New York Board of Regents, New York City Department of Education, New York City Department of Health,**

*Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | RORY J. BELLANTONI (Ashleigh C. Rousseau, *on the brief*), Brain Injury Rights Group, New York, NY. |
| **FOR DEFENDANTS-APPELLEES HOCHUL, ET AL.:** | MATTHEW W. GRIECO, Senior Assistant Solicitor General, (Judith N. Vale, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY. |
| **FOR DEFENDANTS-APPELLEES ADAMS, CHOKSHI, ET AL.:** | AMY MCCAMPHILL (Richard Dearing, Claude S. Platton, *on the brief*) *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as moot, the judgment entered by the district court is **VACATED**, and the case is **REMANDED** to the district court with instructions to enter a judgment of dismissal without prejudice.

Plaintiffs Marie Farrell, Patrick Donohue, and Angela Nolan are the parents of disabled New York City schoolchildren. Plaintiffs' lawsuit concerns 10 N.Y.C.R.R. § 2.60, a New York regulation that authorized the Commissioner of the New York State Department of Health

("Commissioner") to issue determinations requiring that masks be worn in certain public places. Under § 2.60, the Commissioner issued requirements mandating "universal masking of teachers, staff, students, and visitors to P-12 schools over age two and able to medically tolerate face covering/mask and regardless of vaccination status." App'x at A-561. Plaintiffs sued various city and state officials ("Defendants") claiming that the school masking requirements violated the Individuals with Disabilities Education Act and various other federal and state statutory and constitutional laws. The district court dismissed Plaintiffs' federal claims with prejudice, declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims, and denied Plaintiffs' request for a preliminary injunction.

The school masking requirement was lifted in March 2022, while this appeal was pending. The requirement has not been reimposed since. In February 2023, § 2.60 expired. Defendants argue that the appeal is moot based on these intervening events. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (cleaned up). "The voluntary cessation of allegedly illegal conduct usually will render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 88 (2d Cir. 2005) (cleaned up). A defendant satisfies its burden where it shows that the possibility of recurrence is merely "speculative." *Id.*

3

Defendants have met their burden here. The school mask mandate at issue was lifted in March 2022. There is thus no relief Plaintiffs have sought that they have not already obtained.[1] *See New York State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1526 (2020) (a claim for relief is moot when a change in law grants the "precise relief that petitioners requested in the prayer for relief in their complaint"). Defendants have also satisfied their burden of showing that any alleged violation will not reoccur. No similar mandate has been reimposed despite spikes in the number of COVID-19 cases at various times since March 2022. *Cf., e.g.*, *Weisshaus v. Hochul*, No. 21-64-CV, 2022 WL 17256755, at *1 (2d Cir. Nov. 29, 2022) (summary order) (dismissing appeal as moot where COVID-19 executive order was rescinded and "subsequent increases in COVID-19 cases have not prompted . . . any similar regulations"); *Dark Storm Indus. LLC v. Hochul*, No. 20-2725-CV, 2021 WL 4538640, at *1 (2d Cir. Oct. 5, 2021) (summary order) (same). In addition, the Commissioner no longer has the regulatory authority to issue similar masking requirements because, in February 2023, § 2.60 expired in full.[2]

Plaintiffs argue that the mask mandate is not moot because it is capable of repetition yet evading review. This exception to mootness "applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable

---

[1] We decline to consider Plaintiffs' contention, raised for the first time at oral argument, that their complaint includes an unstated but implicit request for prospective relief in the form of compensatory educational services. *See, e.g.*, *United States v. Pascarella*, 84 F.3d 61, 73 (2d Cir. 1996) (declining to consider argument first raised at oral argument).

[2] Prior to its expiration, a New York trial court held that § 2.60 was promulgated and enacted in a manner that violated the New York State Constitution, the State Administrative Procedure Act, and the Public Health Law. *See Demetriou v. New York State Dep't of Health*, 162 N.Y.S.3d 673, 679 (N.Y. Sup. Ct. 2022). The court enjoined the regulation, and the injunction was stayed pending appeal. 2022 WL 287978 (N.Y. App. Div. Jan. 31, 2022). This decision makes it even more speculative that the Commissioner even *could*—let alone would—reissue a school mask mandate.

4

expectation that the same complaining party will be subject to the same action again." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 692 (2d Cir. 2013) (quoting *FEC v. Wisc. Right to Life, Inc.*, 551 U.S. 449, 462 (2007)). But there is no reasonable expectation that Plaintiffs' children will be subject to another school mask requirement when the requirement was lifted over a year ago and has not been reimposed, and Defendants appear to maintain no intention to renew the requirement because § 2.60 was permitted to expire in February 2023. *See Reale v. Lamont*, No. 20-3707-CV, 2022 WL 175489, at *1 (2d Cir. Jan. 20, 2022) (summary order) (declining to apply exception where COVID-19 executive orders were no longer in effect and had not been reimposed in over six months).

"When a civil case becomes moot while an appeal is pending, it is the general practice of an appellate court to vacate the unreviewed judgment granted in the court below and remand the case to that court with directions to dismiss it." *Bragger v. Trinity Cap. Enter. Corp.*, 30 F.3d 14, 17 (2d Cir. 1994) (citations omitted). Furthermore, a judgment dismissing a complaint for lack of subject matter jurisdiction should be without prejudice. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016).

We have considered all of Plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, Defendants' motion to dismiss this appeal as moot is **GRANTED**, the judgment entered by the district court is **VACATED**, and the case is **REMANDED** to the district court with instructions to enter a judgment of dismissal without prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5