NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KINGSLEY MANAGEMENT CORP., a
Utah corporation; et al.,

          Plaintiffs-Appellants,

  v.

CITY OF SANTA ANA, a municipal
corporation,

          Defendant-Appellee.

No.   22-55701

D.C. No.
8:22-cv-00076-CJC-JDE

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted August 22, 2023
Pasadena, California

Before: RAWLINSON and BRESS, Circuit Judges, and ZOUHARY,[**] District
Judge.

    Mobile home management companies (collectively "Kingsley") challenge

two City of Santa Ana ordinances that imposed rent control and eviction restrictions.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

The district court stayed Kingsley's claims based on *Pullman* abstention. *See R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941). While this appeal was pending, the City passed a new ordinance that amends and supersedes the challenged ordinances. We have jurisdiction under 28 U.S.C. § 1291. We dismiss as moot in part, reverse in part, and remand for further proceedings.

1.  Five of Kingsley's six causes of action sought only declaratory and injunctive relief. Because the new ordinance amends and supersedes the prior ordinances, "it is impossible for a court to grant any effectual relief" on Kingsley's causes of action for declaratory and injunctive relief as to the old ordinances. *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1660 (2019) (quotation omitted). We therefore dismiss as moot Kingsley's claims that the former ordinances are preempted by state and federal law, are unconstitutionally vague, and violate substantive due process rights.

On remand, Kingsley may amend its complaint to assert challenges to the new ordinance. *See New York State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1526 (2020) (noting that "where the mootness is attributable to a change in the legal framework . . . and where the plaintiff may have some residual claim under the new framework . . . our practice is to vacate the judgment and remand for further proceedings in which the parties may, if necessary, amend their pleadings or develop the record more fully" (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472,

482 (1990))). The procedure on remand, for amending the complaint in this case and the companion case (Case No. 8:23-cv-00102-CJC-JDE (C.D. Cal.)), we leave to the district court's discretion.

2. This appeal is not entirely moot, however. Kingsley's final cause of action asserted that the former ordinances effected an uncompensated taking, in violation of the Fifth Amendment. On this claim, Kingsley sought damages in addition to declaratory and injunctive relief. Kingsley may no longer seek declaratory and injunctive relief against the superseded ordinances but may still seek damages. *See Mission Prod. Holdings*, 139 S. Ct. at 1660 (explaining that "nothing so shows a continuing stake in a dispute's outcome as a demand for dollars and cents," and that "[i]f there is any chance of money changing hands, [the plaintiff's] suit remains live"). We thus must determine whether the district court properly stayed this claim based on *Pullman* abstention. Although our decision here concerns Kingsley's takings claim, our reasoning applies to the district court's *Pullman* analysis *in toto*, both in this case and in the second lawsuit referenced above, which the district court also stayed under *Pullman*.

3. "We review a district court's *Pullman* abstention under a modified abuse of discretion standard." *Gearing v. City of Half Moon Bay*, 54 F.4th 1144, 1147 (9th Cir. 2022). "We first review *de novo* whether the requirements for *Pullman* abstention are satisfied." *Id.* (quoting *Courthouse News Serv. v. Planet*,

3

750 F.3d 776, 782 (9th Cir. 2014)). "If they are not, the district court has little or no discretion to abstain; if they are, we review the decision to abstain for an abuse of discretion." *Id.* (quoting *Courthouse News Serv.*, 750 F.3d at 782) (internal quotations omitted). We conclude that the district court's *Pullman* analysis was mistaken.

*Pullman* abstention is "an equitable doctrine that allows federal courts to refrain from deciding sensitive federal constitutional questions when state law issues may moot or narrow the constitutional questions." *Id.* (quoting *San Remo Hotel v. City & County of San Francisco*, 145 F.3d 1095, 1104 (9th Cir. 1998)). But abstention under *Pullman* remains "an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy." *Wolfson v. Brammer*, 616 F.3d 1045, 1066 (9th Cir. 2010) (quotation and brackets omitted). *Pullman* abstention is appropriate only when "(1) the complaint [] involve[s] a sensitive area of social policy that is best left to the states to address; (2) a definitive ruling on the state issues by a state court could obviate the need for federal constitutional adjudication by the federal court; and (3) the proper resolution of the potentially determinative state law issue is uncertain." *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 939–40 (9th Cir. 2002) (internal quotations and alterations omitted) (quoting *Cedar Shake & Shingle Bureau v. City of Los Angeles*, 997 F.2d 620, 622 (9th Cir. 1993)).

At minimum, the second *Pullman* factor is not met here. The only state-law

4

question the district court identified was whether the rent control ordinance implemented "vacancy control" (i.e., whether the restrictions on annual rent increase apply across tenants, or whether a landlord may "step up" the rent to the market rate upon a change in tenants).  But the outcome of that question would not meaningfully narrow Kingsley's claims.  It does not bear on the separate eviction ordinance, and even as to the takings claim, it is but one issue within a broader legal challenge.

4.      We deny Kingsley's motion to certify a question to the California Supreme Court regarding vacancy control.  "We invoke the certification process only after careful consideration and do not do so lightly."  *Cassirer v. Thyssen-Bornemisza Collection Found.*, 69 F.4th 554, 557 (9th Cir. 2023) (quoting *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003)).  Kingsley has not demonstrated that certification is warranted here.

**DISMISSED AS MOOT IN PART; REVERSED IN PART; REMANDED.**[1]

---

[1] The parties shall bear their own costs on appeal.