**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEANNETTE MARTELLO, M.D., | No. 22-55826 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-08057-GW-AGR |
| and | |
| DANIEL MARCUS, M.D.; NANCY WAY, M.D., individually and on behalf of other California physicians and surgeons, | MEMORANDUM* |
| Plaintiffs, | |
| v. | |
| MARY WATANABE, in her official capacity as Director of the Department of Managed Health Care; WILLIAM J. PRASIFKA, in his official capacity as Executive Director of the Medical Board of California, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 11, 2024[]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Jeannette Martello appeals pro se from the district court's order dismissing her action[1] against the Executive Director of the Medical Board of California and the Director of the California Department of Managed Health Care (DMHC) in their official capacities. We affirm.

The district court did not err in dismissing Martello's Claims 1, 2, 4, and 5 as moot because of the enactment of the No Surprises Act[2] (NSA). *See W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011); *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010). Martello's claims were premised on the Patient Protection and Affordable Care Act [3] (ACA) and its purported preemption of California law, but Martello recognizes that the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] While Martello had two co-plaintiffs in the district court, only Martello's claims are before us. *See* 28 U.S.C. § 1654; Fed. R. App. P. 3(c)(1)(A); *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314, 108 S. Ct. 2405, 2407, 101 L. Ed. 2d 285 (1988); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

[2] No Surprises Act, Tit. I of Div. BB of the Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, 134 Stat. 1182, 2757 (2020).

[3] Patient Protection & Affordable Care Act, Pub. L. No. 111–148, § 1(a), 124 Stat. 119, 119 (2010).

NSA is now governing federal law. Her ACA-based claims became moot upon the "'change in the legal framework governing the case.'" *N.Y. Rifle & Pistol Ass'n, Inc. v. City of New York*, 590 U.S. __, __, 140 S. Ct. 1525, 1526, 206 L. Ed. 2d 798 (2020) (per curiam); *see also Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478–80, 110 S. Ct. 1249, 1254–55, 108 L. Ed. 2d 400 (1990); *Bunker Ltd. P'ship v. United States (In re Bunker Ltd. P'ship)*, 820 F.2d 308, 312 (9th Cir. 1987). No exception to mootness applies because the ACA has simply been superseded by new legislation. *See W. Coast Seafood*, 643 F.3d at 704–05.

The district court properly refused to grant Martello leave to amend those claims because amendment would have been futile. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Gregg v. Haw. Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017). Even if Martello were correct that the NSA allows balance billing in limited circumstances, she did not argue—let alone show—that she could amend her complaint to plead facts indicating that those circumstances apply to her or her practice. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016); *see also Lewis*, 494 U.S. at 479–80, 110 S. Ct. at 1254–55. That was sufficient reason to deny leave to amend. *See Johnson*, 356 F.3d at 1077; *cf. Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).

The district court likewise did not err in dismissing Martello's Claim 3 against the Director of the DMHC on the ground that it was barred by claim preclusion arising from an earlier California judgment against her in the DMHC's civil enforcement action. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 321–22 (9th Cir. 1988). That civil enforcement action resulted in a final judgment on the merits and involved the same cause of action[4] and the same parties[5] as Claim 3. *See State Comp. Ins. Fund v. ReadyLink Healthcare, Inc.*, 264 Cal. Rptr. 3d 68, 87 (Ct. App. 2020).

Nothing in this record suggests that the district judge harbored any impermissible bias against Martello. *See Liteky v. United States*, 510 U.S. 540, 555–56, 114 S. Ct. 1147, 1157–58, 127 L. Ed. 2d 474 (1994); *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.** All pending motions are **DENIED**.

---

[4] *See Mycogen Corp. v. Monsanto Co.*, 51 P.3d 297, 306–07 (Cal. 2002).

[5] *See id.* at 301; *see also LaCour v. Marshalls of Cal., LLC*, 313 Cal. Rptr. 3d 77, 90–91 (Ct. App. 2023).